# St. Louis, Iron Mountain & Southern Railway Company v. Kelley.

## Opinion delivered June 29, 1895.

EVIDENCE—DECLARATIONS—RES GESTAE.—A statement made by a railroad brakeman a few minutes after a child was struck and injured by a train, in response to a question as to how the injury occurred, that he signaled to the engineer in time to stop the train before hitting the child, but that the engineer was looking the other way, and did not see him until too late, is a narration of past events, and not part of *res gestae.*

WITNESS—CROSS-EXAMINATION.—The extent to which the trial judge may allow a party to cross-examine a witness of the opposing side concerning collateral facts and matters not in issue is largely a matter of discretion.

Appeal from Clark Circuit Court.

RUFUS D. HEARN, Judge.

### STATEMENT BY THE COURT.

This is an action for an injury to Benjamin F. Kelley, an infant, brought by S. H. Kelley, as his next friend.

The appellee, Benjamin F. Kelley, an infant three years of age, while standing upon a trestle on the railway of defendant, was struck by one of its trains, and injured. It was alleged that the injury was occasioned by the negligence of the employees of defendant having charge of the train in failing to keep a lookout. This was denied by defendant, and it alleged that the boy, Benjamin F. Kelley, came upon the trestle such a short distance in front of the engine, and so suddenly, that it was impossible to avoid striking him. At the time of the accident the engine was backing, with no cars attached.

A brakeman named McFadden was stationed on the tender to keep a lookout along the railway track in the direction the engine was moving, so that he might signal the engineer to stop when necessary to avoid striking persons or property.

It was contended by plaintiff that the brakeman saw the child in time to have stopped the engine before striking him, but that the engineer was carelessly looking in another direction, and did not see the signal given by the brakeman until it was too late to stop the engine, and avoid the injury.

To show that the engineer did not keep a proper lookout, the court permitted Peter Cornelius, a witness for plaintiff, to testify that at the time of the accident he was working at the house of S. H. Kelley, father of appellee, about seventy-five or one hundred yards distant from the place of the accident. When the accident occurred his attention was attracted by the engine stopping and by a scream from a girl. He looked up, and saw McFadden, the brakeman for the defendant, com-

ing towards the house with the injured child in his arms. The child was apparently dead. He was then asked to state whether McFadden, at the time witness met him with the child in his arms, made any statement as to the cause of the injury? To which question witness answered: "Well, he told me, when I asked him how it occurred, at that time, that he gave the engineer the signal in time to have stopped before they hit the child, but he was looking back the other way, and didn't see him until it was too late; then he reversed his engine, but it hit the child." To the introduction of this testimony defendant excepted at the time.

*Dodge & Johnson* for appellant.

The court erred in permitting Peter Cornelius to narrate to the jury certain statements made by brakeman McFadden after the accident occurred. These statements were not part of the *res gestae*, but mere *hearsay* statements. 51 Ark. 513; 50 *id.* 397; 49 *id.* 205; 52 *id.* 80; 34 *id.* 729; 46 *id.* 141; 45 *id.* 328; *Ib.* 132, 165; 52 *id.* 345; 119 U. S. 105; 95 N. Y. 274; 12 Ore. 392; 58 Mich. 156; 26 Oh. St. 185; 2 Pac. 130; 51 N. Y. 102, 298; 41 Conn. 59; 78 N. Y. 503; 1 So. 449; 12 Pac. 101; 57 Ark. 297.

*Murry & Kinsworthy* for appellee.

It was within the sound discretion of the court to admit the declarations of McFadden as part of the *res gestae*. 50 Am. Dec. 729; 12 Or. 398; 55 N. W. 253; 44 Am. & Eng. R. Cases, 324; 82 Tex. 518; 79 Pa. St. 493; 79 Am. Dec. 314; 13 Am. St. 483; 57 Mo. 93; 8 Wall. 397; 25 Am. St. 702; 19 *id.* 883; 32 *id.* 843; 66 Mich. 390; 90 Am. Dec. 252; 58 *id.* 504; 80 Ky. 394; 48 Ark. 338. Words uttered so soon after the transaction as to preclude the hypothesis of concoction or premeditation are admissible as part of the *res gestae*. 43 Ark. 103; *Ib.* 289; 34 *id.* 720; 58 Ark. 180. See

also, 50 N. W. 584 ; 55 Pa. St. 396 ; 32 Ga. 672 ; 57 Mo. 93 ; 35 Cal. 49 ; 25 Va. 921 ; 25 S. W. 24.

RIDDICK, J. (after stating the facts).  The question for us to determine is whether this statement of the brakeman McFadden was part of the *res gestae*, and proper to go to the jury as evidence tending to show negligence.  This statement was made after the accident, in response to an inquiry by the witness Cornelius.  The acts to which it referred were completely past.  The injured child had been borne away from the place of the accident.  It was not a spontaneous utterance called forth by the accident, but was made in response to an inquiry, and was only a narration of past transactions by which McFadden was endeavoring to show that not himself, but another, was to blame for the accident.  While there are cases that support the admission of such statements as part of the *res gestae*, yet we believe the best considered cases and the weight of authority to be the other way.  It was said in a recent case that the "*res gestae* are events speaking for themselves through the instinctive words and acts of participants, not the words and acts of participants when narrating the events."     *Graves* v. *People*, 32 Pac. 63.  See also *Vicksburg etc. R. Co.* v. *O'Brien*, 119 U. S. 105, and note ; *Waldele* v. *Railway Co.* 95 N. Y. 274 ; *Sullivan* v. *Oregon R. & N. Co.* 12 Oregon, 392 ; 1 Greenl. Ev. sec. 108 ; *Fort Smith Oil Co.* v. *Slover*, 58 Ark. 179 ; 1 Wharton, Ev. secs. 258 and 259 ; *Barker* v. *St. L., I. M. & S. Ry. Co.* 126 Mo. 143 ; Wharton, Crim. Ev. sec. 262.

If, at the time of the accident, or immediately afterwards, the brakeman McFadden, moved by the excitement of the occasion, had exclaimed to the engineer "I gave you the signal in time to have stopped, but you were looking the other way," such an instinctive exclamation, made under the effect of the excitement caused

*Admissibility of declarations as part of res gestae.*

by the accident, would have been a part of the *res gestae*, and admissible. And so a spontaneous utterance of that kind, if made to bystanders immediately after accident, would be admissible, when it emanated from, and was called forth by, the excitement of the occasion. But the statement of McFadden to Cornelius did not accompany the act, nor was it an instinctive exclamation called forth by the accident, and emanating directly from it. It is difficult to lay down general rules to cover all cases, but, in our opinion, this was only a statement of an employee of defendant concerning a past transaction, and not a part of the *res gestae*. Under well known rules, it might, under some circumstances, have been used to contradict and impeach 'the testimony of the witness McFadden, but it was not competent as evidence to show negligence on the part of the defendant company.

This ruling, we think, is not in conflict with the case of *L. R. etc. Railway Co.* v. *Leverett*, 48 Ark. 343. In that case the evidence complained of was the statement of the injured person concerning the cause of his injuries. Mr. Justice Battle, who delivered the opinion of the court, said that "the statement of Leverett was made immediately after he was run over, and while the wrong complained of was incomplete, he being still under the car, and was a part of the *res gestae*, and fairly goes to explain the cause of the condition in which he was at the time it was made." We do not think the case here falls within the rule laid down and followed in that case.

<span style="margin">Discretion of court as to examination of witnesses.</span> There were other rulings of the trial court complained of by the appellant. The court refused to allow the appellant to cross-examine witnesses concerning their family relations. The extent to which either party may be allowed to cross-examine a witness of the opposing side concerning collateral facts and matters not in issue is a question, to a large extent, within the

discretion of the trial court, and we do not see that the court abused its discretion in this regard, or committed any error, except as above noted. For that error the judgment of the circuit court is reversed, and the case remanded for a new trial.

[NOTE.—A great number of authorities on the question how near in time declarations must be to constitute a part of *res gestae* are collected in a note to *Ohio & M. R. Co.* v. *Stein*, (Ind.), 19 L. R. A. 633.—Rep.]