BERGSTRAND *v.* TOWNSEND.

Opinion delivered October 18, 1902.

WITNESS—IMPEACHMENT.—A trial court has discretion to refuse to permit a witness to be impeached by proof of her occupation at a time too remote to assist in judging of her present veracity.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*Young & Danaher,* for appellant.

It was error not to permit appellant to question appellee concerning her former life and habits.    53 Ark. 390; 62 S. W. 66. Appellee failed to identify her property.    14 Ark. 202; 28 Ark. 550; 34 Ark. 632.    The instructions were abstract and misleading.    16 Ark. 656; 23 Ark. 289, 731; 42 Ark. 61; 62 Ark. 544; 63 Ark. 108, 177, 563.    It was error to give appellee's first instruction and refuse the fifth of appellant.    11 Ark. 189, 378; 21 Ark. 554; 30 Ark. 505.

*White & Altheimer,* for appellee.

The court properly refused to permit the appellee to be questioned with reference to her former life and habits.    25 N. Y. Law Jur. 1397; 61 Ark. 56.    If appellant desired other instructions, they should have been requested.    47 Ark. 196; 45 Ark. 539; 60 Ark. 613.    A juror cannot impeach or impair a verdict which he has rendered.    S. & H. Dig., § 2269; 67 Ark. 273; 29 Ark. 293; 59 Ark. 140.    There was no error in giving appellee's first instruction.    55 Ark. 423; 58 Ark. 20.    The amendment to appellant's answer was properly refused.    54 Ark. 445; 60 Ark. 531; 50 Ark. 300; 35 Ark. 217.

BATTLE, J.  Kate Townsend brought an action against Charles
Bergstrand to recover the possession of two diamond rings, of the
value of $350.  The defendant denied that he was in possession
of any diamond rings belonging to the plaintiff.  Townsend recov-
ered judgment for the property in controversy, and Bergstrand
appealed.

In the trial of the issues in the case before a jury the plaintiff
testified, in her own behalf, that the rings in controversy were
given to her by Joseph Q. Townsend, deceased, in his lifetime.
In her cross-examination she was asked, what relation she bore
to the deceased in his lifetime.  She replied, she was his wife.  She
was then asked: "Where were you living and what were you
doing at the time Joe Townsend gave you those rings as you allege?"
Her answer was: "I was in St. Louis at the time he gave them
to me the first one, and the last one I was living in Little Rock."
The next question was: "What was your occupation at that time
and prior to that time?"  Her reply was: "His wife."  The
defendant then asked her: "Prior to your marriage with him,
what was it?"  The plaintiff objected to the question, and the
court sustained the objection; and the question was not answered.
Should the witness have been required to answer it?  This is the
only question we consider necessary to determine in this opinion,
the other questions discussed in the briefs of counsel having been
decided by this court in other cases.

In *Hollingsworth* v. *State,* 53 Ark. 387, 390, it is said: "It is
always competent to interrogate a witness on cross-examination
touching his *present* or *recent* residence, occupation and associa-
tions; and if, in answer to such questions, the witness discloses that
he has no residence or lawful occupation, but drifts about in idle-
ness from place to place, associating with the low and vicious, these
circumstances are proper for the jury to consider in determining
his credibility."  In *St. Louis, Iron Mountain & Southern Ry.
Co.* v. *Kelley,* 61 Ark. 52, 56, it is said: "The extent to which
either party may be allowed to cross-examine a witness of the oppos-
ing side concerning collateral facts and matters not in issues is a
question, to a large extent, within the discretion of the trial court."

The statutes of this state provide that "a witness may be
impeached by the party against whom he is produced  *  *  *
by evidence that his general reputation for truth or immorality
renders him unworthy of belief."  Sand. & H. Dig., § 2959.  In

*Holliday* v. *Cohen,* 34 Ark. 711, the court said, in speaking of such evidence: "It was in the discretion of the judge to admit or refuse such testimony, according as he might think it too remote or fairly proper to assist the jury in judging of the present veracity of the witness."

The rule stated in *Holliday* v. *Cohen,* is undoubtedly correct. The object of proving the general reputation of a witness for truth or immorality is to enable the court or jury to determine the degree of credibility the impeached witness is entitled to and the weight to be given his testimony. If the reputation offered to be shown was at a time too remote to assist in judging of the veracity of the witness at the time he is testifying, it would serve no useful purpose, and ought to be rejected. For the same reason, it would be no abuse of the discretion of a court to deny to a party to an action the privilege of impeaching a witness produced against him by cross-examining him as to his residence, occupation and associations at a time too remote to shed light upon his present veracity.

In the case at bar the defendant sought to cross-examine Mrs. Townsend as to her occupation before her marriage. She was not examined as to the time when her marriage occurred, nor was it shown when she was married. An answer to the question the court overruled would not have shown the time of her occupation before marriage, or that it was sufficiently near the time she was testifying about to throw any light upon her credibility at that time; for it might have been too remote for that purpose. It does not, therefore, appear that the trial court abused its discretion.

The evidence adduced at the trial was sufficient to sustain the verdict.

Judgment affirmed.