REINMAN *v.* WORLEY.

Opinion delivered October 23, 1916.

1.  APPEAL AND ERROR—SPECIFIC OBJECTION TO AN INSTRUCTION—FALSE SWEARING.—The defect in an instruction, that if the jury believed any witness had testified falsely to any material fact, that they might disregard such testimony altogether, in failing to use the word "wilfully," is not prejudicial, and an objection thereto must be made specifically.

2.  NEGLIGENCE—INJURY TO ANIMAL.—Defendant has no right to use excessive force in driving trespassing cattle from his pasture, and defendant's liability is not based upon whether he acted wantonly or maliciously.

3. NEGLIGENCE—KILLING ANIMAL.—Defendant held liable for the killing of plaintiff's cow, which had strayed into defendant's pasture, where the defendant severely beat the cow, in driving her from the pasture, which beating resulted in her death.

Appeal from Pulaski Circuit Court, Third Division; *Thos. C. Trimble*, Judge on Exchange; affirmed.

*Mehaffy, Reid & Mehaffy,* for appellant.

1. The court erred in instructing the jury: "If you believe any witness has testified falsely to any material fact, you can disregard *that testimony altogether*, or you may accept such of his testimony as you believe to be true, and disregard such as you believe to be false." The second clause gives the jury the option of disregarding the *entire* testimony or only such portion as they believe to be false. 94 S. W. 47.

2. The 4th instruction requested by appellants is correct, and ought to have been given. If appellants' agent drove the cow from their land, they were not liable to appellee unless the agent used more force than was necessary or used unreasonable means. 3 Corpus Juris. 134; 2 Cyc. 399.

*L. C. Maloney*, for appellee.

McCULLOCH, C. J. This is an action instituted by Mrs. Mary Worley against the defendants, Reinman & Wolfort, to recover the value of a cow whose death is alleged to have been caused by the wrongful act of defendants' agent. The jury returned a verdict in favor of the plaintiff and defendants have appealed.

Defendants operate a livery stable in Little Rock and maintain a pasture in Argenta for the purpose of pasturing mules. The pasture is located on the bank of the Arkansas River and is fenced on three sides. The fences running at right angles with the river are built up to the high water mark, but there is no fence along the river bank, and when the water is low there is a space between the ends of the fences and the river. There is, according to the testimony of the witnesses, a space of 46 feet, and cows which run at large can easily

go around the ends of the fences and thus enter the pasture. It appears from the testimony that plaintiff owned cows which ran at large and often got into this pasture. Defendants had a man who looked after the pasture for them and the testimony shows that when he came there to look after the mules from time to time he would run the cows out. Testimony was admitted, without objection, to the effect that this man on other occasions besides the one now under investigation ran the cows out and beat them.

Plaintiff's cow was in good order and was turned out during the forenoon after having been milked. She was heavily with calf and was next seen during the afternoon standing near the river bank and was giving birth to the calf. One witness testified that he saw the cow driven out of the pasture and that the head of the calf was hanging out at that time. The calf died and the cow was driven up to plaintiff's house where she died in a short time. Numerous witnesses testified that the cow had been badly beaten and that there were stripes, knots and scars about her body, indicating that she had been recently beaten with a whip or pole. Defendants' agent in charge of the pasture admitted that he was there that afternoon and drove the cattle out of the pasture, but he denied that he whipped any of them or that he drove this particular cow. He said he observed this cow there near the edge of the pasture in the act of giving birth to the calf, and that he made inquiry about the ownership.

The case was submitted to the jury on the issue whether or not the death of the cow was caused by the wilful act of defendants' agent, and the verdict of the jury settled that issue in plaintiff's favor. While the evidence is largely circumstantial, we are of the opinion that it is sufficient to sustain the verdict. There is abundant testimony to warrant a finding that the cow was badly beaten, to the extent that the inference might have been drawn that this caused her death. No other person was seen there at the pasture driving the cows, but, on the other hand, defendants' agent admits that

he was there and drove the other cows out of the pasture. We think the jury was warranted, from all the circumstances, in concluding that defendants' agent beat the cow and caused her death.

The court gave the following instruction on its own motion:

"Gentlemen of the Jury: You have heard the statements and facts connected with this case. The plaintiff sues the defendants for wilfully killing a cow, and asks for damages in the sum of $100. The burden of proof is upon the plaintiff to make out its case by a fair preponderance of the evidence. If the defendants' agent who had charge of the property upon which this cow was found wilfully killed the cow, then it would be your duty to find for the plaintiff. If you find for the plaintiff you will assess her damages at such sum as you believe has been proved by the evidence you have heard. If you don't believe that the plaintiff has made out a case by a preponderance of the evidence, then it will be your duty to find for the defendant. In other words, gentlemen of the jury, the court has nothing to do with the evidence in this case. The court gives you the law on every phase of the case, and you are simply to apply the evidence to the law. If you believe any witness has testified falsely to any material fact, you can disregard that testimony altogether, or you can accept such of his testimony as you believe to be true, and disregard such as you believe to be false. If you find for the plaintiff, you will find: 'We, the jury, find for the plaintiff, and assess her damages at such an amount as you think will justify you in doing so.' If you find for the defendant, you will say: 'We, the jury, find for the defendant.' You may retire, gentlemen."

The record recites that defendants saved exceptions to "the action of the court in giving the above instruction and each paragraph thereof." The following portion of the instruction is urged as reversible error: "If you believe any witness has testified falsely to any material fact, you can disregard that testimony altogether, or you can accept such of his testimony as you

believe to be true, and disregard such as you believe to be false."

(1.)   It is contended that this part of the instruction is erroneous in two particulars, viz.: First, that it omits the word "wilfully" and permits the jury to reject the testimony of a witness simply because some material portion of it is found to be untrue; and, second, that it permits the jury to discard all of the testimony of the witness, even that part which the jury might believe to be true.  The instruction is, indeed, open to those objections, but they ought to have been pointed out specifically so that the objections could have been obviated. Evidently the court meant to tell the jury that it was within their province to discard the testimony of a witness found to have wilfully made false statements, but that they should accept that part of his testimony which they believed to be true.   In the absence of specific objections to the instructions on those grounds, the error does not call for a reversal.  *Bruder* v. *State*, 110 Ark. 402.

(2-3.)   The court refused to give the following instruction requested by defendants:  "4.   You are instructed that if you find from the evidence in this case that the plaintiff's cow was on the land of the defendant without permission from the defendant, it was a trespasser, and the defendant owed it no duty except to refrain from wantonly or maliciously injuring it.  You are further instructed that the defendant had a right to drive the cow from its premises, using any reasonable means."

It was not shown that the pasture was enclosed with a lawful fence.  In fact the proof is that the fences did not extend to the river so as to prevent stock from entering.  Defendant had no right to resort to excessive force or means in driving trespassing cattle from the pasture and the requested instruction was erroneous in telling the jury that there was no liability for the damage unless the injury was wantonly or maliciously inflicted.  *Bennefield* v. *State*, 62 Ark. 365.

The instruction given by the court was as favorable to defendants as they were entitled to. We need not determine whether or not the criminal statute (Kirby's Digest, Sec. 1893) applies to civil actions for damages.

Judgment affirmed.