## GRIFFIN v. STATE.

### Opinion delivered December 1, 1919.

1. INCEST—INSTRUCTION.—Where the undisputed evidence showed defendant to be a married man, no prejudice could result to him from an instruction, which assumed as a matter of law, that accused, at the time of the incestuous adultery, was a married man.

2. WITNESSES — CREDIBILITY — TESTIMONY MAY BE DISREGARDED BY JURY, WHEN.—An instruction properly declares the law, which charges that if the jury believed that any witness had wilfully testified falsely to any material fact in the case, they were at liberty to disregard the whole of such testimony, if they believed the same to be false.

Appeal from Lonoke Circuit Court; *Geo. W. Clark,* Judge; affirmed.

*J. B. Reed* and *House, Rector & House,* for appellant.

1. The court erred in its instructions in assuming as proven certain facts which were in issue. Under our statute and decisions an indictment for adulterous incest must allege that the defendant was a married man; this is a material allegation and must be proved to the satisfaction of the jury (not the court) and beyond reasonable doubt. 58 Ark. 3; 113 *Id.* 257. The indictment alleged the marriage but there is no express proof of the fact and it was a question for the jury. The instruction took away from the jury this question and was clearly an in-

vasion of the exclusive domain or province of the jury. Const. Ark. 1874, art. 7, § 23; 36 Ark. 117; 59 *Id.* 417; 92 *Id.* 421; 103 *Id.* 87.

2. The court erred in its charge to the jury with reference to the effect to be given the testimony of an impeached witness. 127 Ark. 523; 82 *Id.* 540. See also 56 *Id.* 242; 68 *Id.* 331.

3. The court erred in its charge with reference to the test to be applied to defendant's testimony in his own behalf.

4. The court erred in refusing instruction No. 1 for defendant. It is bad for ambiguity. 61 Ark. 88; 69 *Id.* 177; 81 *Id.* 589; 67 *Id.* 416; 117 *Id.* 296.

5. The evidence fails to establish the guilt of defendant.

*John D. Arbuckle,* Attorney General, and *Robert C. Knox,* Assistant, for appellee.

1. The evidence that defendant was a married man is ample and defendant admitted the fact, and therefore the court should not have submitted that question to the jury. Kirby's Digest, § 1811; 95 Ark. 233. The case in 58 Ark. 3 was delivered when our courts followed the common law technical rules, and no longer applies, and should be overruled.

2. It was the duty of defendant to have asked an instruction on this issue, and failing to do so, he can not complain. 114 Ark. 398.

3. The instruction as to swearing falsely was properly given. 56 Ark. 242; 125 *Id.* 567; 72 *Id.* 436; 110 *Id.* 402. It may not be as clear as it ought to have been, but is sound and there was no specific objection to it but only a general one. Defendant took the stand in his own behalf and the court properly instructed the jury as to the weight of his testimony. It is in conformity with our decisions. 58 Ark. 353; 61 *Id.* 88; 69 *Id.* 558; 120 *Id.* 30.

4. There was no error in overruling defendant's instruction No. 1. 117 Ark. 296; 83 *Id.* 192; 32 *Id.* 226; 85 *Id.* 360; 68 *Id.* 529; *Bartlett* v. *State* ms.; *Bost* v. *State*

ms. 10-20-1919.   The evidence sustains the verdict conclusively.

WOOD, J.   The appellant was convicted of the crime of incest.   The indictment alleged that he was a married man.   One of the grounds urged for reversal is that the court erred in ignoring the issue as to whether appellant was a married man.

The appellant was asked, "When were you married?"   He answered, "1890."   He was asked, "What does your family consist of?"   He answered, "My little boy, my wife, my daughter Jossie, and little boy about ten years old."

The above testimony was undisputed.   It shows conclusively that appellant was a married man.

There was no prejudicial error, therefore, in the instruction which told the jury that the only issues were did the appellant have sexual intercourse in Lonoke County, Arkansas, within the statutory period.

(1)   Counsel for appellant argue that the instruction in effect told the jury that it was unnecessary for the State to establish that appellant was a married man and that the instruction was, therefore, contrary to the holding of this court in *Martin* v. *State,* 58 Ark. 3, and *Knowles* v. *State,* 113 Ark. 257.   But not so.   Since the testimony of the appellant himself proved conclusively that he was a married man, no prejudice could have resulted to him because of the instruction which assumed, as a matter of law, that appellant, at the time of the incestuous adultery, was a married man.

(2)   Counsel for appellant contend that the court erred in giving the following instruction:

"If you believe that any witness has wilfully sworn falsely to any material fact in the case, you are at liberty to disregard the testimony of that witness either in whole or in part, or believe it in part and disregard it in part, taking into consideration all of the facts and circumstances of the case."

There was no specific objection to the instruction. Counsel say that the instruction in this form authorized

the jury to disregard any part of a witness' testimony, although they might believe same to be true, provided they also believed that the witness had wilfully sworn falsely to some other material fact in the case.

In *Johnson* v. *State,* 127 Ark. 524, speaking of a prayer for instruction which the court refused because it contained inaccurate language, we said: "In other words under the latter part of the instruction it might appear to the jury that if any witness had wilfully testified falsely concerning any material fact, it was their duty to disregard his whole testimony unless corroborated by other evidence regardless of the fact of whether they might believe the remaining part of his testimony. The jury had the right to believe such portions of any witness' testimony as they believed to be true, rewardless of the fact of whether they believed other portions of it. In short, it was their duty to accept such portions of the witness' testimony as they believed to be true, and reject that part of it they believed to be false." See *Frazier* v. *State,* 56 Ark. 226; *Taylor* v. *State,* 82 Ark. 540; *Bruder* v. *State,* 110 Ark. 402.

While the instruction is not aptly worded and is not as clear in its statement of the law as it should have been, we do not think it susceptible of the construction which counsel give it. Taking the instruction as a whole, its purpose, as we view it, was to tell the jury that if they believe that any witness had wilfully testified falsely to any material fact in the case, they were at liberty to disregard the whole of such testimony if they believe the same to be false, or any part of the same which they believed to be false." But it does not tell the jury that they were at liberty to disregard any part of the witness' testimony which they believe to be true, notwithstanding that there were other parts of the testimony which they believed to be wilfully false.

To say the least, if counsel conceived at the trial of the cause that the instruction is open to the suggestion which he here urges against it, it was his duty to have called the attention of the trial judge to such construction by a specific objection. If they had done this the court

doubtless would have so framed the instruction as to have contained the exact language, the omission of which they now insist renders the instruction erroneous.

The instruction is not one so inherently defective as to fall under the condemnation of being an erroneous and misleading declaration of law. In the absence of specific objection, the giving of the instruction as written was not a reversible error. *Bruder* v. *State, supra; Reinman* v. *Worley,* 125 Ark. 567.

Appellant complains that the court erred in one of its instructions in singling out the testimony of the defendant and subjecting it to a different test concerning credibility from that applied to other witnesses.

It is unnecessary to set out the instruction. We have examined it and find that it is in conformity with the law in all essential particulars as announced by this court in many cases, beginning with *Vaughan* v. *State,* 58 Ark. 353, and as recent as *Whitener* v. *State,* 120 Ark. 30.

It is insisted that the court erred in refusing to give the following instruction:

"You are instructed that the State relies upon circumstantial evidence for a conviction in this case. Circumstantial evidence is legal and competent evidence in this case, but before you would be justified in convicting the defendant on this evidence, the State must prove beyond a reasonable doubt that the commission of the crime charged in the indictment cannot be explained away on any other hypothesis other than the guilt of the defendant."

The prayer for instruction was erroneous for two reasons. *First,* because it assumes that the State relied wholly upon circumstantial evidence which is not borne out by the record. *Second,* because it omits the word "reasonable" before the word "hypothesis." This word was necessary to make the instruction a correct declaration of law. *Davis* v. *State,* 117 Ark. 296; *Bost* v. *State,* 140 Ark. 254; *Bartlett* v. *State,* 140 Ark. 553.

The evidence was sufficient to sustain the verdict and there was no prejudicial error in the instructions.

Judgment affirmed.