## TRAVIS v. PRATT.    (No. 926.)

(Court of Civil Appeals of Texas. Beaumont. July 5, 1923. Rehearing Denied Oct. 10, 1923.)

Appeal and error ⚖➔1068(4)—Error as to damages for conversion harmless, where finding was against conversion.

Any error in instructing, and submitting immaterial issues, relative to damages for conversion, was harmless; the jury having found there was no conversion.

Appeal from Sabine County Court; W. C. Arnold, Judge.

Action by H. L. Travis against G. E. Pratt. From an adverse judgment, plaintiff appeals. Affirmed.

Goodrich, Davis, & McWilliams, of Hemphill, for appellant.

Minton & Lewis, of Hemphill, for appellee.

O'QUINN, J. Travis sued Pratt in the county court of Sabine county for the value of one bale of cotton. He alleged that he was the owner of a bale of cotton weighing 490 pounds, and of the value of $205.80, which on or about February 21, 1920, Pratt unlawfully converted to his own use and benefit. Pratt answered by general demurrer and general denial. Pratt died before the suit was tried, and his heirs were made parties to the suit.

The case was tried before a jury upon special issues, upon their answers to which judgment was rendered for defendant, and from which judgment this appeal is taken.

The only issue in the case is one of fact, whether or not Pratt converted to his own use and benefit a bale of cotton belonging to Travis. On this issue the court charged the jury:

"Question No. 1: Did G. E. Pratt unlawfully convert to his own use and benefit a bale of cotton belonging to the plaintiff, H. L. Travis? You will answer this question 'Yes' or 'No,' as you may find from the evidence, and, if you answer 'No,' then you need not answer further; but, if you answer 'Yes,' then you will answer the following questions."

The jury answered, "No." The other questions were not answered.

Appellant's first proposition is:

"Where the verdict of the jury has no support whatever by the testimony, it should be set aside and a new trial granted."

This is a sound proposition of law, but we think the verdict has support in the evidence. The assignment is overruled.

Appellant next asserts that—

"Where the evidence in a suit for conversion discloses that the property sued for was converted as alleged, the verdict of the jury that there was no conversion should be set aside and a new trial granted."

The question whether the evidence showed a conversion of the indentical bale of cotton sued for was one of fact for the jury, and they found against appellant's contention, and, without setting out or discussing the evidence, we will say that in our opinion it abundantly supports the finding of the jury.

Appellant complains of the court's charge as to what constituted conversion. We think that the court's definition of conversion, especially when taken in connection with the definition given in a special charge requested by appellant, was sufficient, and not calculated to mislead or confuse the jury.

Appellant, by his fourth and fifth assignments of error, further complains that the court's charge was error, in that he charged the jury relative to the measure of damages, in the event they found for appellant, the law when the conversion was without fraud, willful wrong, or gross negligence, and also the law when the conversion was with fraud, willful wrong, or gross negligence, and says that such issues were not raised by the evidence, and were calculated to confuse the jury.

If it should be conceded that the issues were not raised, and that they were immaterial, it does not follow by any means that the charge was therefore reversible error. The answer of the jury to special issue No. 1, finding against conversion, ended the inquiry. The jury did not reach or answer the question of market value. Moreover, it is well settled that, in the trial of cases before a jury upon special issues, the submission of issues that are immaterial cannot affect the disposition of the case, inasmuch as the finding of immaterial facts cannot be ground for reversal if the judgment is not in conflict with the jury's findings upon material issues. Kelley v. Ward, 94 Tex. 294, 60 S. W. 311; Railway v. Eddleman (Tex. Civ. App.) 175 S. W. 777; Early-Foster Co. v. Mid-Tex Oil Mills (Tex. Civ. App.) 208 S. W. 226.

The judgment is affirmed.

⚖➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes