## CABANISS v. GRAYBURG OIL CO.

### No. 7688.

Court of Civil Appeals of Texas. Austin.
April 20, 1932.

Rehearing Denied May 11, 1932.

T. M. West, of San Antonio, Walter C. Pierson, of Longview, and Hardy & Hardy, of San Antonio, for appellant.

Ingrum & Smith, of San Antonio, and Hart & Patterson, of Austin, for appellee.

BLAIR, J.

Appellant sued appellee for damages resulting from partial destruction by fire of the Cabaniss Hotel building, belonging to appellant, alleging that the employees of appellee negligently sold and delivered to Miss Martha Johnson, the daughter and a member of the household of Julius Johnson, the tenant occupying the hotel, a gallon of gasoline, when she asked for coal oil or kerosene, intended to be used in a hot water heater which only used

kerosene as fuel; that, acting upon the belief that the employees of appellee put kerosene in the jug or container, she delivered it to Russel Vines, a roomer at the hotel; and that he, acting upon the belief that the jug contained kerosene, placed it in the hot water heater, which exploded and caused the fire damaging the building. The appellee answered that Miss Johnson did not call for coal oil or kerosene, but for gasoline; and further alleged that Miss Johnson, acting as the agent for appellant, furnished a jug or container made of clear or transparent glass for the gasoline; that the gasoline delivered to her was a certain brand known as "Kilnoc Blue," being a gasoline of distinctive blue color; that on several prior occasions she had purchased the same character of gasoline from the same pump to be used for operating an automobile; that the jug or container was filled in full view of Miss Johnson from the pump having a transparent container showing the blue-colored gasoline; that the jug or container showing the blue gasoline was handled and seen by both Miss Johnson and Russel Vines before the contents were placed in the hot water heater; and that they therefore knew, or in the exercise of ordinary care could have known, that the jug contained gasoline; and that their negligence in this regard caused, or contributed to cause, the fire and damages.

In answer to special issue No. 1, the jury found that Miss Johnson did not call for coal oil or kerosene; and in answer to other issues they found that, by the exercise of ordinary care, she could have discovered that gasoline was delivered to her; that she failed to use ordinary care; and that such failure was contributory negligence. Like findings were made as to Russel Vines. In accordance with these findings, judgment was rendered for appellee.

The controlling issue under appellant's theory of recovery was whether Miss Johnson asked for kerosene or gasoline. The jury found against appellant on that issue, and no complaint is made in this appeal as to that finding. Appellant merely presents five propositions complaining of alleged prejudicial errors committed on the trial of the case. By propositions 1, 2, and 3 he contends that, since he stood in relation of landlord only to Julius Johnson, his tenant, and since Miss Johnson and Russel Vines were only members of the Johnson household, and not agents of appellant, their alleged acts of contributory negligence could not be imputed to him; and that the trial court therefore committed prejudicial error, first, in refusing to sustain appellant's special exceptions to appellee's pleas of contributory negligence on the part of Miss Johnson and Russel Vines; second, in admitting over objection testimony tending to show these alleged acts of contributory negligence; and, third, in submitting over objection special issues for findings of the jury on these alleged acts of contributory negligence.

■■ The answer to special issue No. 1, that Miss Johnson did not "call for and order coal oil," required the rendition of judgment for appellee, irrespective of any possible finding of the jury on the issues of contributory negligence, and such finding rendered immaterial any other finding of the jury in the case. So, if it be conceded that the acts of contributory negligence pleaded, proved, and submitted to the jury were not imputable to appellant, and that such issues should not have been passed upon in the trial of the case, still the errors in that respect may be regarded as harmless under the record here presented. The only possible injury that appellant could have suffered as the result of the trial of such matters was that the jurors' minds were thereby detracted from the controlling issue of whether Miss Johnson called for coal oil; or that they were improperly influenced in their answer to this controlling issue as the result of the trial of these improper matters. Neither eventuality is shown by the record.

With respect to the alleged error in overruling appellant's special exception to appellee's pleas of contributory negligence, the rule is stated in Becker, Smith & Page v. Wm. Cameron & Co. (Tex. Civ. App.) 22 S.W.(2d) 951, as follows: "Our courts have uniformly held that, before the appellate court is authorized to reverse the judgment of the trial court because of the overruling of a special exception, it must appear affirmatively that the party complaining thereof has been injured thereby, and, as is correctly stated, we think, in 3 Tex. Jur. 1254: 'The improper overruling of a special exception may or may not be prejudicial, and the burden of showing prejudice is cast upon the appellant.' This is the rule laid down by our Supreme Court in Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822, and has been uniformly followed since said time."

■■ As regards the error in admitting testimony with reference to the issues of contributory negligence, they being immaterial because of the jury's finding on the controlling issue in the case, it may be treated as harmless. Travis v. Pratt (Tex. Civ. App.) 254 S. W. 506; Federal Life Ins. Co. v. Sweeney (Tex. Civ. App.) 18 S.W.(2d) 702; Oppenheim v. Swinehart Tire & Rubber Co. (Tex. Civ. App.) 22 S.W.(2d) 991; Whitmore v. McNally (Tex. Civ. App.) 39 S.W.(2d) 633; Randle v. Naugle (Tex. Civ. App.) 299 S. W. 297; Castleberry v. Frost-Johnson Lumber Co. (Tex. Com. App.) 283 S. W. 141; Speer's Law of Special Issues, p. 570. In respect to this question it may be here observed that there was positive testimony that Miss Johnson did not call for coal oil or kerosene, but for gasoline. She testified that she asked for coal oil, and the employee of appellee testified that she called for

gasoline. It was pleaded and proved that she was in a position to observe the filling of the jug or container with the gasoline, which was of a distinctive blue color, and that she had purchased on previous occasions this same kind of gasoline from the same pump for use in an automobile; and that both she and Vines handled the glass jug or container after it was filled with blue gasoline. All this evidence concerning the acts of Miss Johnson was clearly admissible on the controlling issue of whether she called for coal oil, and as affecting her credibility, and as a circumstance tending to show that she asked for gasoline. Its admission on an immaterial issue could therefore not have injured appellant; nor does the record present any inference that the isolated evidence that Russel Vines handled the jug containing blue gasoline had any effect upon the finding of the jury that Miss Johnson called for gasoline.

■ The above authorities also control the question of the alleged error in submitting the issues of contributory negligence to the jury. Even though it be conceded that the issues should not have been submitted, the finding on the first issue rendered all these findings immaterial, and there is nothing in the record which shows in any manner that the jury was influenced to answer special issue No. 1 as they did, because of the submission of the issues on contributory negligence.

■ By proposition 4 appellant contends that the court erred in permitting appellee to bring to the attention of the jury the fact that appellant had made an adjustment of the fire insurance on the building, and had to the extent of the amount paid executed articles of subrogation to the insurance companies. The only possible bearing that these facts could have had upon the case was as to the value of the building, or damages thereto. The jury's answer to special issue No. 1, that Miss Johnson did not call for coal oil, rendered immaterial all findings of the jury on the issues of the value of the building or damages thereto. So this evidence may be regarded as harmless under the rule announced in Federal Life Insurance Co. v. Sweeney, supra, that any error in admitting evidence with reference to issues, which have become immaterial because of finding of the jury on another issue, is harmless.

■ By proposition 5 appellant contends that the trial court erred in striking out, on the motion of appellee, the testimony of Miss Johnson and her father, Julius Johnson, concerning certain acts and statements of the employees of appellee, made and done at its place of business shortly after the fire had occurred. In short, the evidence amounted to this: That shortly after the fire occurred, and on the same afternoon, Julius Johnson and his daughter drove back to appellee's filling station and stopped the automobile in the same position as Miss Johnson had done when she purchased the gallon of gasoline. Johnson then told the same two employees who had sold and delivered the gasoline to his daughter that he wanted another jug of "coal oil," the same as they sold the girl; that the employee took the jug and started to fill it from the gasoline pump when Johnson stopped him by saying: "My God! man, don't you know that is not coal oil but gasoline, and that is what caused the fire." This testimony should not have been admitted, and was properly stricken out. The evidence was not res gestæ, because it came long after the alleged negligent act (selling gasoline when coal oil was asked for) which caused the fire and damages. Nor were the acts and statements of the servant or agent a part of or a continuation of the same transaction which caused the fire and damages. The statements of Johnson were not spontaneous utterances springing out of the sale of the gasoline which caused the fire, but were studied and premeditated statements concerning an act wholly disconnected with the act in question. Liner v. United States Torpedo Co. (Tex. Com. App.) 16 S.W.(2d) 519; Fesler v. Hunter (Mo. App.) 35 S.W.(2d) 641; Panhandle & S. F. Ry. Co. v. Laird (Tex. Civ. App.) 224 S. W. 305; Grimes v. Virginia Fire & Marine Ins. Co. (Tex. Civ. App.) 218 S. W. 810; Missouri Pac. Ry. Co. v. Ivy, 71 Tex. 409, 9 S. W. 346, 1 L. R. A. 500, 10 Am. St. Rep. 758; St. Louis I. M. & S. Ry. Co. v. Kelley, 31 S. W. 884; Southern Surety Co. v. Nalle & Co. (Tex. Com. App.) 242 S. W. 197.

Johnson merely told the employee of appellee that "he wanted another jug of 'coal oil' the same as he sold the girl." The employee had not sold the girl coal oil, but gasoline, and no inference could be drawn from the fact that he started to fill the jug with gasoline, "the same as he sold the girl," that she had called for coal oil on the previous trip. Nor could it be inferred from the second attempt to purchase coal oil by Johnson, not Miss Johnson, that the employee was about to commit a like or similar act of negligence as he was supposed to have committed when Miss Johnson was supposed to have called for coal oil, but was given gasoline. The acts and transactions were between different parties, and they occurred after the acts of negligence relied upon had passed, and were therefore not admissible as res gestæ, as acts or statements of an agent which occur or are made at the time or immediately after the acts causing the injury occurred, and under such circumstances as raise a reasonable presumption that they sprang out of the acts causing the injury, or that they were the spontaneous utterances of thoughts created by the acts causing the injury. 17 Tex. Jur. 630, § 265, and cases there cited.

The judgment of the trial court will be affirmed.

Affirmed.