DENTON *v.* STATE.

Crim. 3882.

Opinion delivered May 14, 1934.

*J. H. Black* and *H. J. Denton,* for appellant.

*Hal L. Norwood,* Attorney General, and *Robert F. Smith,* Assistant, for appellee.

BUTLER, J. The appellant, Roy Denton, was indicted in the Marion Circuit Court charged with the crime of murder in the first degree, the offense alleged to have been committed on November 25, 1932, by wilfully, with malice aforethought, after premeditation and deliberation, killing one Coy Aday, by shooting him with a pistol. No objection has been raised to the indictment. The trial resulted in a conviction for murder in the second degree and punishment fixed at seven years' imprisonment in the State Penitentiary.

We have examined the record in this case and find substantial legal evidence to support the verdict of the jury. We do not detail this evidence because no point is made by the appellant that it was not legally sufficient to warrant the verdict.

The contentions made by appellant for reversal of the judgment of the trial court are:

1. That the court erred in permitting a witness for the State to testify to the effect that the defendant drank a great deal—gets drunk and fights a lot. On this contention it is pointed out by the appellee that

this error was invited by the defendant, he having first brought out this testimony on the cross-examination of the witness. The question asked by his attorney was: "Why was Roy so bad," and the answer was: "He drank, and was out with girls." On redirect examination the witness was asked if Roy did not drink a good deal, get drunk and fight. On objection interposed, the court said: "You brought that out yourself—you asked the witness why he was so bad." The witness answered the question in the affirmative. The character of the defendant, not being put in issue, it would have been improper for the prosecuting attorney to have elicited the evidence complained of, but defendant, himself, having invited the error, he is now in no position to complain. *Crawford* v. *State,* 132 Ark. 518, 201 S. W. 784; *Beck* v. *State,* 141 Ark. 102, 216 S. W. 497; *Harper* v. *State,* 151 Ark. 338, 236 S. W. 263; *Yelvington* v. *State,* 169 Ark. 498, 276 S. W. 498; *Wilhem* v. *State,* 175 Ark. 455, 299 S. W. 739.

2. The next contention for reversal is raised by assignment of error No. 5 in the motion for a new trial which complains of error of the court in permitting the State's attorney to cross-examine the defendant regarding other offenses than that with which he was charged. It is well settled that, when a defendant in a criminal proceeding waives his privilege of silence by electing to become a witness in his own behalf, he subjects himself to the rules governing the examination of any other witness, and the court has the discretion within reasonable bounds to permit the defendant to be questioned on those matters which, in his opinion, are proper to assist the jury in judging the present veracity of the witness. It has been often held that the trial court does not abuse its discretion in permitting inquiry to be made of a defendant witness on cross-examination regarding his personal habits, associations, and other offenses committed by him, for this tends to inform the jury of the degree of credit which may be attached to his statements and their probative worth. We do not think there was any abuse of discretion. *Holliday* v. *Cohen,* 34 Ark. 711;

*Bergstrand* v. *Townsend,* 70 Ark. 602, 70 S. W. 307; *Hollingsworth* v. *State,* 53 Ark. 387, 14 S. W. 41; *Bullen* v. *State,* 156 Ark. 148, 245 S. W. 493.

3. The next assignment of error presented is the court's refusal to give to the jury instructions Nos. 8 and 12, requested by the defendant. Instruction No. 8 called to the attention of the jury the distinction between direct and circumstantial evidence, and that crime may be proved by either or both kinds of evidence; but, where circumstances are relied upon to establish guilt, they should be consistent with each other and with the guilt of the defendant and inconsistent with any reasonable theory of innocence. Instruction No. 12 required that the prosecution prove the defendant guilty as charged and beyond a reasonable doubt, and the jury was told that it should acquit unless the evidence measured up to the standard required.

This was not a case where the State relied wholly upon circumstantial evidence to establish the guilt of the defendant. The killing was proved by defendant's own admission, and the law imposed upon him the burden of proving such facts and circumstances as would excuse or justify the homicide. Then, too, the court had presented to the jury the defendant's plea of self-defense and fully and fairly instructed it respecting such plea. The jury had also been fully instructed as to the presumption of innocence, the credibility of witnesses, and the necessity for the State to establish defendant's guilt as charged beyond a reasonable doubt, and that upon the whole case, if it should have a reasonable doubt as to the guilt or innocence of defendant, it should find him not guilty, requiring the jury to weigh all of the evidence, both direct and circumstantial. Where the court has instructed the jury, as in the case at bar, the rule is that refusal to give further instructions on circumstantial evidence, even where the case depends wholly upon evidence of that character, is not error. *Griffin* v. *State,* 141 Ark. 43, 216 S. W. 34; *Jordan* v. *State,* 141 Ark. 504, 217 S. W. 788; *Payne* v. *State,* 177 Ark. 413, 6 S. W. (2d) 832. In *Ridenour* v. *State,* 184 Ark. 475, 43 S. W. (2d) 60, it is said:

"This court has ruled that the refusal to give any instructions on circumstantial evidence where the case depends wholly upon such evidence is not error if he had already fully and correctly instructed the jury on the credibility of witnesses, the weight of evidence, the presumption of innocence, and reasonable doubt."

Instruction No. 12, *supra,* was properly refused because it was fully covered by instructions already given relating to presumption of innocence and reasonable doubt.

4. It is also insisted that the giving of instructions Nos. 3, 4 and 5 constituted error because they omitted reference to defendant's plea of self-defense. These instructions related to the degree of proof necessary to warrant the jury in determining the degree of homicide, and each began with the expression, "If you do not find the defendant not guilty under his plea of self-defense, etc." Instructions given at the request of the defendant correctly and fully presented to the jury the defendant's plea of justification, and, with instructions Nos. 3, 4 and 5, made a harmonious whole. We find no reversible error, and the judgment is therefore affirmed.