IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

October 2, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

ADA BELL BROWN and BEVERLY ) C/A NO. 03A01-9605-00174
J. EVERETT, MARION EVERETT )
BARTON, and GERALD JOSEPH ) BLEDSOE LAW
EVERETT, )
) HON. BUDDY L. PERRY,
Plaintiffs-Appellees, ) JUDGE
)
v. )
)
RALPH EVERETT (individually )
and as Executor of the Estate )
of Joseph Robert Everett), )
HERBERT D. EVERETT, JAMES R. )
EVERETT, DORIS D. HIGGINS, )
KATIE T. TOMLINSON and LAURA )
SHAW, ) AFFIRMED
) AND
Defendants-Appellants. ) REMANDED

DAVID R. SWAFFORD, SWAFFORD & SWAFFORD, Pikeville, for
Plaintiffs-Appellees.

EDWIN Z. KELLY, JR., KELLY, KELLY & GOUGER, P.C., Jasper, for
Defendants-Appellants, Ralph Everett, James R. Everett, Doris
D. Higgins, Katie G. Tomlinson, and Laura Shaw.

O P I N I O N

Franks. J.

In this contest of the will of the deceased, Joseph
Everett, a jury returned special verdicts that the deceased
did not have sufficient mental capacity to make a valid will,

and Joseph Robert Everett, Deceased, was unduly influenced by Ralph Everett on March 11 to the extent that such influence amounted to coercion, destroying the free will of the deceased and substituting his will for the deceased and compelling the deceased to make a disposition he otherwise would not have made.

The defendants have appealed and raise several issues.

The deceased had eight children. The oldest children were appellees Ada Bell Brown and Walter Everett[1]. They filed suit challenging decedent's March 1991 will, which left them ten dollars each and divided the remainder of his estate equally among his six younger children. They alleged that decedent was of unsound mind, incompetent to make a will, and unduly influenced by defendant Ralph Everett. After the jury verdict the probate of the will was annulled and vacated.

Within one month of the execution of the will, the Chancery Court of Bledsoe County, Tennessee had found decedent to be competent and dismissed a conservatorship proceeding. Appellants argue that the Trial Court should have granted their Pre-Trial Motion in Limine that would have precluded the plaintiffs from any proof relative to the competency of decedent prior to this hearing. They insist that such evidence constituted a relitigation of decedent's mental capacity in 1991 and is barred by collateral estoppel.

Collateral estoppel operates to bar a second suit

---

[1] Walter Everett died in 1993; his children Marion Everett Barton and Gerald Joseph Everett were substituted as plaintiffs in place of their father.

between the same parties and their privies on a different cause of action only as to issues which were actually litigated and determined in the former suit. *Goeke v. Woods,* 777 S.W.2d 347 (Tenn. 1989).

The parties to the 1991 trial were Ralph Everett as Petitioner, decedent Joseph Everett as respondent, plaintiff Walter Everett as respondent's attorney in fact, and the First National Bank. The judge dismissed the petition seeking the appointment of a conservator and returned all assets held by Walter Everett to decedent.

The parties and issues were not identical. However, both hearings dealt with the issue of decedent's competency and it could be argued that Ada Bell's interests were represented by her brother. However, even if there arguably was any collateral estoppel from this hearing, the Tennessee Supreme Court has held that:

> The estoppel of a judgment extends only to the facts in issue as they existed at the time the judgment was rendered, and does not prevent a re-examination of the same question between the same parties where in the interval the facts have changed or new facts have occurred which may alter the legal rights or relations of the litigants.

*White v. White,* 876 S.W.2d 837 (Tenn. 1994).

Here, the decedent's death from Alzheimer's warrants a re-evaluation of when the disease may have begun affecting his judgment. The Trial Court did not err in allowing testimony and proof as to his competency at the time he executed his will.

A second conservatorship proceeding was held more than a year after the execution of the will. At that time, decedent was declared unable to handle his affairs, and

3

defendant Ralph Everett was appointed as conservator. Defendants argue that the second conservatorship proceeding is too remote and not relevant to the decedent's state of mind when the will was drawn.

The competency to make a will is measured at the time the person executes the will and not by their mental condition an unreasonable number of years before or after. *In re Estate of Mayes*, 843 S.W.2d 418, 427 (Tenn. App. 1992). Evidence of the testator's mental condition after making the will is admissible, within ?reasonable limits?, *Id.*, quoting Pritchard on Wills and Administration of Estates, §98 at 141. Here, it was reasonable to allow evidence of the conservatorship hearing held within 14 months. *Mayes*. This issue is relevant in determining the progress with which Alzheimer's disease may have become more debilitating. Tennessee Rules of Evidence, 401[2].

Next, defendants insist that the Trial Court erred in allowing the testimony of Dr. Stuart Bacon and Joan DeBord. Dr. Bacon first saw decedent in March of 1992, just over a year after the execution of the will. He testified that, based on a reasonable degree of medical certainty, decedent died of Alzheimer's disease. He testified that decedent had been suffering from Alzheimer's for a minimum of two years before his October, 1992 death.

Defendants argue that this evidence should have been precluded on the ground that it had no relevance to the

---

[2]**RULE 401. DEFINITION OF ?RELEVANT EVIDENCE.?** ?Relevant evidence? means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

competency of decedent in March of 1991. They also objected to the evidence on the basis that Dr. Bacon's testimony stating that decedent would have been easily influenced while suffering from Alzheimer's was speculation and conjecture.

The evidence was relevant and admissible. Tennessee Rules of Evidence, Rule 401.

Joan DeBord is a home health care nurse who began visiting decedent more than one month after the execution of his will. She kept records of those visits and testified from her notes. These notes show that the deceased was depressed and lonely and concerned over his children trying to place him in a nursing home and have him declared incompetent.

The Trial Court ruled that she could testify from her records under the business records exception to the hearsay rule.[3] Ms. DeBord's testimony met the essential elements of this hearsay exception. Medicare guidelines required that she keep records of her visits and she prepared the written reports shortly after her visits. *Cohen, Sheppeard, Paine,* Tennessee Law of Evidence, §803(6) (1995). The Trial Court did not err in allowing this evidence.

The Trial Court denied defendants' request that the

---

[3] **Rule 803(6) RECORDS OF REGULARLY CONDUCTED ACTIVITY.**

A memorandum, report, record, or data compilation in any form of acts, events, conditions, opinions, or diagnoses made at or near the time by or from information transmitted by a person with knowledge and a business duty to record or transmit if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information of the method or circumstances of preparation indicate lack of trustworthiness. The term ?business? as used in this paragraph includes every kind of business, institution, association, profession, occupation, and calling, whether or not conducted for profit.

jury be instructed not to consider any declarations made by the deceased subsequent to the execution of the will. This issue again dealt with the testimony of Joan DeBord. The Trial Judge did not err in allowing the jury to consider this evidence, because it was admissible as an exception to the hearsay rule allowing in records of regularly conducted activity. Tennessee Rules of Evidence, 803(6).

Next, defendants argue that the Trial Court erred in charging the Tennessee Pattern Jury Instruction relative to mental competency-mental delusions.

A jury charge will not be invalidated as long as it fairly defines the legal issues involved in the case and does not mislead the jury. *Otis v. Cambridge Mutual Fire Insurance Co.*, 850 S.W.2d 439 (Tenn. 1992).

Defendants argue that plaintiffs' complaint did not allege that the deceased was acting under a delusion at the time of the execution of his will. Defendants also argue that there was no proof that deceased was under a delusion. Therefore, they insist that the Trial Court erred in utilizing the jury instructions relating to mental competency-mental delusions.

This argument is without merit. To the contrary, decedent's ill health, confusion, and his capacity to draw up a will were directly at issue, as there is no allegation there was a misstatement of law in the jury charge.

The jury instructions regarding undue influence informed the jury that undue influence consisted of ?acts or conduct which in the mind of the testator is overcome by the will of another person . . . destroying the free exercise of

6

the testator, substituting for his own will another person's will.?

Again, defendants take issue with whether the charge was supported by evidence, not with any allegations that the law was misstated. The jury charge echoes those approved in *Mitchel v. Smith*, 779 S.W.2d 384 (Tenn. App. 1989), and this issue is therefore without merit.

The remaining issues we find to be without merit as there is substantial material evidence to support the jury's special verdicts. Accordingly, we affirm the judgment of the Trial Court and remand at appellants' cost.


_____
Herschel P. Franks, J.


CONCUR:




_____
Houston M. Goddard, P.J.




_____
Charles D. Susano, Jr., J.