## HOUSTON E. & W. T. R. CO. v. KOPIN-ITSCH et al. (No. 8403.)*

(Court of Civil Appeals of Texas. Galveston.
May 21, 1925. Rehearing Denied
Feb. 11, 1926.)

**1. Trial ⬅260(3)—Refusal of charge as to burden of proof of special issues held not prejudicial, where court did instruct jury thereon.**

In action for crossing collision, where court instructed jury that burden was on plaintiffs to establish every issue except contributory negligence, and the matters were embodied in separate, enumerated, special issues, refusal of requested charge to same effect but referring to special issues by number *held* not error.

**2. Trial ⬅352(1).**

In action for crossing collision, special issue submitting question of negligence respecting rate of speed at which train approached crossing *held* not objectionable as on weight of evidence.

**3. Trial ⬅352(1)—In action for crossing collision, special issue submitting theory of discovered peril held not objectionable as on weight of evidence.**

In action for crossing collision, special issue as to whether fireman realized dangerous situation of occupants of automobile in time to have warned engineer to sound whistle, so as to avoid killing deceased, *held* not objectionable as on weight of evidence, but merely to submit theory as to discovered peril raised by pleadings and evidence.

**4. Trial ⬅352(1)—Special issue as to whether peril of automobile was discovered by fireman in time to have train stopped, so as to prevent injury, held not objectionable as comment on evidence.**

In action for crossing collision, special issue as to whether fireman discovered perilous position of automobile in time to have notified engineer, so that latter could with ordinary care have stopped train and prevented injury, *held* not objectionable as comment on evidence.

**5. Trial ⬅352(1).**

In action for death in crossing collision, special issue as to contributory negligence of deceased while automobile in which he was riding approached crossing *held* not objectionable as on weight of the evidence.

### On Motion for Rehearing.

**6. Courts ⬅91(1).**

Court of Civil Appeals is bound by opinion of Supreme Court on certified question as to whether evidence raised issue of discovered peril.

**7. Railroads ⬅338—Fireman should act on appearance that occupants of automobile are unaware of approach of train, though they may actually have been aware of approach.**

In approaching crossing, if it appears to fireman of train that occupants of automobile also approaching crossing are unaware of approach of train, fireman has duty to act, and failure to use proper care to prevent injury cannot be excused by showing that occupants of car saw approach of train.

**8. Railroads ⬅338.**

Trainmen must use every reasonable means at their command to prevent injury when it reasonably appears that person approaching place of danger will probably or likely not extricate himself therefrom.

**9. Railroads ⬅351(22)—Instruction as to right to presume traveler will not cross properly refused as misleading.**

Instruction that operatives of train approaching crossing had right to presume that party approaching crossing in automobile would not cross track in front of moving train in full view *held* properly refused as capable of misleading jury.

**10. Appeal and error ⬅1062(1).**

Where issue of discovered peril at crossing was raised by evidence, and there was no reversible error in its submission, any errors in submission of other grounds of liability are immaterial.

**11. Appeal and error ⬅1064(1).**

Adoption by trial court of charge prepared by plaintiffs' attorneys and submission to defendant's attorney for correction, though not method contemplated by statute, *held* not objectionable, in absence of showing of prejudice.

Graves, J., dissenting in part.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by John Kopinitsch and another against the Houston East & West Texas Railroad Company Judgment for plaintiffs, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood and Garrison & Watson, all of Houston, for appellant.

Woods, King & John, of Houston, for appellees.

GRAVES, J. In this cause pending here on appeal from the district court of Harris county, the appellees, the parents, were given a judgment against appellant as damages for the death of their 18 year old son, Shandor Kopinitsch, who was killed in a collision between one of appellant's passenger trains and an automobile in which the boy was riding at the crossing of a dirt road over the railroad track in the country near the Mount Houston Station. The judgment followed findings of the jury, pursuant to proper pleadings raising that issue, to the effect that the fireman upon the engine of the train, after discovering and realizing the perilous position of the occupants of the automobile, failed to exercise ordinary care in either warning or notifying the engineer, so that the latter might either have sounded the whistle as a warning of the approach of the train, or have stopped it, in time to have prevented the accident.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 31, 1926.

The legal sufficiency of the evidence in the case to raise for the jury the issue of discovered peril having been a matter of debate among the members of this court in this and other cases (see T. & N. O. Ry. Co. v. Wagner, 262 S. W. 902), we heretofore, deeming that question the major one here, on February 21, 1924, under a full statement of the evidence in the record affecting the matter, certified it to the Supreme Court for its determination. That court by its judgment and opinion, copy of which was filed in this court on March 30, 1925, answered that the evidence did raise that issue for the jury. See 268 S. W. 923.

Since the receipt in this court of the Supreme Court's judgment upon the certified question, we have again examined the record and statement of facts upon the other questions raised by the railway company upon its appeal, and have concluded and so find, without a restatement of the testimony, that the finding of the jury upon the question of discovered peril is not so against the weight and preponderance of the evidence as to confer upon this court the authority to set it aside.

The binding effect upon us of the Supreme Court's answer to the certified question, together with this last-stated conclusion of our own, requires an affirmance of the judgment unless there was reversible error in other respects.

The further contentions made are: (1) That appellant's special charge No. 3 should have been given; (2) that the court erred in its charge upon the burden of proof; (3) that special issues 1, 3, 4, and 5, as framed, were upon the weight of the evidence; (4) that the court's charge as a whole was not such a fair and impartial presentation of the issues involved as the law requires. Disposing of these presentments in the order urged, we think none of them involve reversible error.

Special charge No. 3, requested by appellant, was as follows:

"In connection with special issues submitted to you by the court, you are instructed that the operatives of a train approaching a crossing have a right to presume that a party approaching the track in an automobile will not attempt to cross the track in front of a moving train, and they are under no obligations to give any additional warnings, unless it reasonably appears to them that the party or parties approaching said crossing will not stop, but will attempt to pass in front of the moving train."

The trouble with this instruction, as sought to be applied here, is that it ignores the essential fact element of whether or not those in the automobile were aware of the approach of the train in the face of evidence strongly tending toward if not compelling a finding that they were not, thereby in effect telling the jury, either that the fireman (the only trainman who saw the automobile before the collision) had a right to assume that they were so aware, or that it made no difference in his duty whether they appeared to him so to be or not, and that he was thereafter under no obligation to give them any warning, unless it reasonably appeared to him that they did not intend to stop, but would attempt to pass in front of the moving train; this, despite uncontroverted testimony from the fireman himself to the effect that, when about one-fourth of a mile short of the crossing—after the engineer had whistled some 320 feet further back—he saw the automobile turn around at a distance of about 60 feet away and start towards the crossing, observing it continuously thereafter so approaching until it got upon the railroad track without either diminishing its speed, changing the driving, or making any noticeable effort to stop.

That such is not the law; that the trial court would not in the circumstances have been justified in instructing the jury that the enginemen had a right to indulge in such a presumption; and that the whole issue as to the quality of their conduct was one of fact for the jury—we think is directly held by the Supreme Court upon the certificate sent up in this case. Railway v. Kopinitsch, 268 S. W. 923, and authorities there cited. See, also, Hines v. Popino (Tex. Civ. App.) 235 S. W. 1097, and Stooksbury v. Swan, 22 S. W. 963, 855 Tex. 563.

[1] Neither can we hold the charge upon the burden of proof prejudicial. Plainly, we think it told the jury that the burden was upon the appellees of establishing every issue except that of contributory negligence, and that, as to the latter, it was upon appellant. These matters of offense and defense were embodied in separate ones of the enumerated special issues as given, and, when they were read in connection with the court's definition of contributory negligence and its explanations concerning the burden of proof in general, elsewhere appearing, it seems clear that the jury could not have understood otherwise; hence it was not indispensable that appellant's requested charge pointing the same thing out in the special issues by number be given.

[2-5] Special issues 1, 3, 4, and 5, complained of, were as follows:

No. 1. "Were the agents of defendant, operating the engine pulling the train which struck and collided with the automobile, under all the facts and circumstances before you, guilty of negligence, as that term has been herein defined, in the rate of speed at which they were running said train, as they approached and crossed over the crossing in question? You will answer 'Yes' or 'No' according as you may find the facts to be."

No. 3. "Did the fireman upon such engine discover and realize the perilous and dangerous situation, if any, of the occupants of said automobile, in such time that he could, in the exercise of ordinary care, have given warning to the engineer, so that the engineer in the exer-

cise of the same degree of care, by the sounding of the whistle given warning of the approach of the train in time so as to have avoided killing the deceased? Answer 'Yes' or 'No' as you find the facts to be."

No. 4. "Did the fireman actually discover the perilous position of the occupants of the automobile in time, by the exercise of ordinary care, to have notified the engineer, so that the engineer, by the exercise of ordinary care with all the means at his command, consistent with the safety of the train and its passengers, could have stopped the train in time to prevent the injury? Answer 'Yes' or 'No' as you find the facts to be."

No. 5. "Did deceased, Shandor Kopinitsch, do any act that an ordinarily prudent person would not have done, or fail to do any act that an ordinarily prudent person would have done, under all the facts and circumstances, as the automobile approached and undertook to make the crossing, which contributed to his injury and death? You will answer 'Yes' or 'No' according as you find the facts to be."

It is argued that these issues are upon the weight of the evidence; No. 1 as stressing the rate of speed of the train, No. 3 as pointedly directing the jury's attention "to the statement of Mitchell, that, when he was within 30' or 40 feet of the track if there was a train approaching, he expected it to give him additional warning," No. 4, as indicating to the jury what the court thought of the testimony of Runnels, and No. 5 as "reasonably calculated to impress upon the jury that, in the opinion of the trial court, the deceased would have to do or fail to do some affirmative act, and that the negligence of the driver, Mitchell, could not be imputed to the deceased."

These objections do not seem to us to be well taken. We construe No. 1 as merely inquiring if appellant was negligent in the rate of speed at which it was running the train, without indicating whether the court thought it was slow or fast, No. 3 as simply submitting a particular theory of discovered peril raised by the pleadings and evidence, without pointing to anybody's testimony at all, No. 4 as only asking whether the peril of those in the automobile was discovered by the fireman in time for the train to have been stopped and the injury prevented by the exercise of ordinary care upon his part and that of the engineer, without directing attention to or indicating what the court thought of the testimony of Runnels or any other witness, and No. 5 as submitting the issue of contributory negligence on the part of Shandor Kopinitsch in general terms, without referring to, commenting upon, or stressing the weight of, any testimony or evidence before the jury. If this be a correct appraisement of the nature and purport of these questions, then upon well-settled authority they were not improper.

The concluding attack upon the charge in its entirety is based upon the fact that the court originally adopted a charge prepared by appellee's attorneys as its own for the pur-

pose of submitting one as coming from the court to appellant's attorneys for objection and correction. No good reason is suggested for holding that procedure improper or prejudicial, since the court is entitled to call upon attorneys for both sides to aid it in preparing the charge, and may adopt the one it deems correct, whether submitted by the one or the other.

It follows from these conclusions that in our opinion the judgment of the court below should be affirmed. That order will accordingly be entered.

Affirmed.

On Motion for Rehearing.

PLEASANTS, C. J. [6] After giving appellant's motion for rehearing careful consideration, we adhere to the conclusion expressed in our original opinion that we should not reverse the judgment on the ground that the finding of the jury on the issue of discovered peril is so against the great weight and preponderance of the evidence as to authorize this court to say that it is clearly wrong, and to set it aside. The evidence upon this issue is not in conflict, and the Supreme Court, in answer to certified questions submitted by us in this case, says that upon this evidence the fireman on the engine in the exercise of ordinary care might have reasonably inferred that the occupants of the automobile were not aware of the approach of the train, and therefore the issue of discovered peril was a question for the jury. 268 S. W. 923. The majority of this court had not thought such inference reasonable, but must follow the opinion of the Supreme Court, and we are not authorized to hold that the jury were clearly wrong in drawing an inference from undisputed facts which the Supreme Court says is a reasonable inference.

With due deference to the opinion of the Commission of Appeals above cited, it seems to the majority of this court that the cases quoted from give no support to the conclusion expressed in the opinion that the facts in this case raise the issue of discovered peril. In the quotation from the first case cited, that of Hines v. Arrant (Tex. Civ. App.) 225 S. W. 767, the point decided was that the evidence was sufficient to sustain a finding that the engineer on the train saw the plaintiff in the perilous position in time to have avoided his injury, notwithstanding the engineer's testimony that he did not see the plaintiff. The question of whether the engineer, if he saw the plaintiff, should, in the exercise of ordinary care, have realized his peril, was not an issue in this case.

The other quotation from the case of Railway Company v. Finn, 109 S. W. 918, 101 Tex. 511, is equally inconsequential as authority for the holding that the evidence in this case raises the issue of discovered peril. This difference of opinion, however, is but

another illustration of the fallibility of human judgment. Ordinary minds equally honest often draw different conclusions from the same facts. The majority of this court can find nothing in the cited opinion of the Commission of Appeals which militates against their conclusion in the case of Railway Co. v. Wagner, 262 S. W. 902, that the facts in that case did not raise the issue of discovered peril.

The soundness of our holding in that case, that ordinary care did not require the operatives of a train who saw persons in an automobile slowly approaching a railroad crossing, with the approaching train in full view, to assume that the automobile might go upon the crossing in front of the train when there was nothing in the circumstances shown by the evidence from which the operatives of the train could reasonably apprehend that those in the automobile were unaware of the approach of the train or would endeavor to cross the track in front of it is not questioned by the opinion of the Commission of Appeals in this case. On the contrary, that opinion recognizes the rule announced by us in the Wagner Case and predicates its holding that the issue of discovered peril is raised in this case on the conclusion that upon the evidence in this case the jury might find that—

"It would have been reasonably apparent to a person of ordinary prudence, in the use of ordinary care situated as was the fireman, that those in the automobile were not aware of the approach of the train."

If the rule announced by the majority of this court in the Wagner Case is not the law, then the qualifying word "discovered" has ceased to have any meaning in applying the rule measuring the duty of operatives of a train to persons who carelessly place themselves in a perilous position with reference to a moving train and the efficient operation of trains in commerce and travel will be unreasonably hindered. We shall continue to apply the well-established rule followed in the Wagner Case until the Supreme Court expressly repudiates it.

[7] The majority of the court agree with appellant that the statement in the original opinion in this case that the evidence in this case is "strongly tending toward if not compelling a finding" that the occupants of the automobile were unaware of the approach of the train is not borne out by the record. The evidence on this issue is sharply conflicting. But the question of whether the occupants of the automobile actually saw the train is not material on the issue of discovered peril. If, as held by the Supreme Court, the circumstances shown by the evidence justify the conclusion that it appeared to the fireman that the occupants of the automobile did not know the train was approaching, it became the duty of the fireman to act upon this reasonable appearance of danger to the deceased, and his failure to use proper care to prevent the injury could not be excused by showing that the occupants of the car saw the train approaching the crossing. This disposes of appellant's contention that the trial court erred in not submitting to the jury the question of whether the occupants of the automobile saw the train approaching the crossing.

[8, 9] As indicated by what we have above said, the majority of the court do not fully concur in the reason given in our original opinion for not sustaining appellant's assignment complaining of the refusal of the trial court to give requested charge No. 3 set out in the opinion. We adhere, however, to the conclusion that the assignment should not be sustained.

The requested charge is not accurate, in that it only predicates the duty of the fireman to use all the means at hand consistent with the safety of the train to prevent the injury to deceased upon it reasonably appearing to him that the deceased would not stop, but would attempt to pass in front of the moving train. The rule is that the duty of the operatives of the train to use every reasonable means at their command to prevent an injury arises when it reasonably appears to them that a person in or approaching a place of danger will probably or likely not extricate himself therefrom or will go into the place of danger. Railway Co. v. Higginbotham (Tex. Civ. App.) 155 S. W. 1025; Railway v. Wagner (Tex. Civ. App.) 262 S. W. 902; Railway v. O'Donnell, 92 S. W. 409, 99 Tex. 639. This inaccuracy in the charge might have misled the jury, and the trial court did not err in refusing to give it.

[10] Other complaints in appellant's motion relate only to the submission of other grounds of liability than that of discovered peril; and, since the Supreme Court has held that the issue of discovered peril is raised by the evidence, and we find no reversible error in the submission of that issue, any error in the submission of other grounds of liability becomes immaterial.

[11] The last proposition presented in appellant's brief and again urged in its motion for rehearing is as follows:

"The law requires trial courts, in all civil cases, submitted on a general charge or by special issues, to prepare their charge in writing, signed by the court, and submit said charge to the opposing counsel for examination, and it was never contemplated by the Legislature that the trial court should simply accept from the plaintiff's attorney a complete charge, unsigned, and automatically pass said charge to defendant's attorneys for examination and criticism; but it was the intention and purpose of the Legislature to require the trial judge to submit a written charge, signed by him, to the opposing counsel, and require him to either give said charge as prepared, or to correct same so as to meet and conform to the objections filed by counsel."

We agree with appellant that the manner in which the charge of the court was prepared for submission to counsel for examination, as stated in the proposition, is not the method contemplated by the statute. But the facts stated in the proposition are not shown by any bill of exceptions, and, so far as the record discloses, appellant has suffered no injury by the alleged failure of the court to strictly comply with the statute in the matter of preparing and submitting his charge to counsel for examination.

We think the motion for rehearing should be refused, and it has been so ordered.

Refused.

GRAVES, J. While concurring in the overruling of the motion, I cannot accept the opinion upon rehearing, adhering as I do to our former disposition in all respects. My views upon the questions referred to by the Chief Justice as being majority holdings have been so fully stated in the original opinion in this cause, which at the time was concurred in by the full court, and in the dissenting opinions in the cases of Railway Co. v. Wagner, 262 S. W. 902, and Smith v. G. H. E. Ry. Co. (Tex. Civ. App.) 265 S. W. 267 (reversed by the Supreme Court in 277 S. W. 106), as well as by the answer of the Supreme Court to the question previously certified herein (268 S. W. 923), as not to need reiteration now. Those opinions are accordingly referred to for elaboration of it.

It seems to me that the Supreme Court's opinion upon the question so certified not only furnishes the law of this case, but also directly runs counter to this court's holding in the Wagner Case. How they can be harmonized is confessedly beyond the ken of this member of the appellate judiciary.

It may be pertinent to further remark, however, that the Wagner Case did not reach the Supreme Court and could not have upon the question of whether the evidence therein raised the issue of discovered peril, simply because this court reversed the judgment not upon the holding that the facts did not raise that issue, but upon the ground that the finding of the jury thereon was so against the great weight and preponderance of the evidence as to be wrong; a matter over which the Supreme Court has no jurisdiction.