### FEDERAL LIFE INS. CO. v. SWEENEY. (No. 801.)

Court of Civil Appeals of Texas. Waco.
May 2, 1929.

Rehearing Denied June 13, 1929.

Cockrell, McBride, O'Donnell & Hamilton, of Dallas, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J. Appellee instituted this suit to recover from appellant $2,000 claimed on an accident life insurance policy which had been issued by it to appellee's son, Travis Sweeney; appellee being the beneficiary named therein. The cause was tried to a jury, submitted on special issues, and resulted in a verdict for appellee for the face of the policy, with penalties and attorney's fees.

On August 4, 1925, in consideration of a $2 premium paid, appellant issued to Travis Sweeney an accident insurance policy, which provided for weekly payments to him for ninety days in case of total disability, and for $2,000 to be paid appellee as beneficiary in case of death, if the injury or death was caused by an automobile accident. In April, 1926, Travis Sweeney was seriously injured in an automobile accident, which caused total disability, and as a result thereof appellant paid him, under the terms of said policy, $20 per week for eighty-three days. In November, 1926, Travis Sweeney was accidentally killed while riding in an automobile which was struck by a railroad train. The controlling issue involved in this litigation was submitted by question 1, and in reply to which the jury found the annual premium due August 4, 1926, on said policy was paid before its due date. In addition to said issue, the court submitted two other issues, which became material only in the event the jury found in response to the first issue that the premium had not been paid. In answer to one of said issues, the jury found that Travis Sweeney sustained a total disability injury on April 17, 1926, which continued for a period of three months; and in response to the other issue the jury found that on August 1, 1927, appellant had full knowledge of the state of the premium payments that had been made on the policy of insurance in question.

Appellant presents twenty-four assignments of error and twenty-eight different propositions as ground for reversal. The first three propositions challenge the action of the trial court in overruling certain special exceptions which it leveled at appellee's pleadings. We have carefully examined these, and do not think the pleadings were subject to the objections urged. Further, it does not appear that appellant suffered any injury by reason of the court having overruled said exceptions.

By propositions 4 to 6, appellant complains of the action of the trial court in admitting certain testimony. The only objection urged to the introduction thereof was that same was irrelevant and immaterial. The testimony about which complaint was made had reference to issues 2 and 3 submitted to the jury. We do not think there was any error in the introduction of said testimony, but, if it could be held that there was error, same becomes harmless, in view of the fact that the jury, in response to issue No. 1, found the premium on the policy had actually been paid before August 4, 1926.

Under ten different propositions, appellant, from various angles, contends that the evidence was not sufficient to authorize the court to submit any issue to the jury, that the jury's findings are without support in the evidence and that the judgment based on the verdict for said reason should have been set aside. We have carefully examined each of these propositions, and same are overruled. The record shows that the insurance company settled with the deceased for the injury up to July 9, 1926, the voucher therefor having been actually delivered on July 30th, four days before the annual 1926 premium was due. On August 1, 1927, appellant mailed to Travis Sweeney a notice calling his attention to the fact that his annual premium was due and not to overlook it. This letter was received by appellee, the father of Travis, and he immediately answered same on August 1, 1927, with the following letter, addressed to appellant:

"Enclosed please find two dollars, in payment of dues on policy of Travis Sweeney, No. D579900, sent in response to notice mailed by you August 1st, 1927.

"I will thank you to let me know if this policy by this remittance is paid to August 1st, 1928, and if not, then to what date it is paid.

"As I understand, this is the annual premium due at this time and that this remittance is sufficient to cover all dues that will accrue for one year hence, and that it is now

in good standing. He is my son and I do not wish to make this payment if his policy has lapsed.

"Thanking you in advance for the information requested, I am,

"Sincerely yours."

In reply to said letter, appellant wrote a letter to Travis Sweeney, dated August 10, 1927, as follows:

"We are in receipt of your check in the amount of two dollars, tendered as payment of premium on your accident policy No. D579900, and the company's official receipt, properly countersigned, is enclosed herewith acknowledging same.

"I note in your letter that you do not understand just how this premium is paid. The annual premium amounts to two dollars per year. Your premium was due on August 4th, 1927, and the two dollars remittance tendered by you carries your policy in force to August 4th, 1928, and the receipt for same is enclosed herewith."

With the letter last quoted the premium receipt mentioned therein was sent. In addition to said letters and receipt, the officials of the company, who lived at Chicago, the home office, testified by deposition that they kept in Chicago a set of books showing the condition of each policyholder's account. The state manager in Texas, whose name was signed to the official receipt, testified by deposition that the books kept in his office in Dallas were so arranged that the state of any policyholder's account could be ascertained in a minute's time. He testified that he did not himself keep the books, neither did he sign the receipts that were sent out, but that the books were kept under his supervision and that the receipts issued in his name were done by his authority and were official. The books of the company as kept at Dallas were not offered in evidence. Neither were the employees who kept said books, nor the clerks who sent out the receipt and letters in question, called as witnesses. In reply to the letter from appellant inclosing the receipt for the year 1927-28, the attorneys for appellee, on August 15th, wrote appellant that Travis Sweeney had been killed the previous November, and asked that proper blanks for proof of death be forwarded. In reply thereto, appellant did furnish the blanks for proof of death, which were properly executed and furnished appellant by appellee, and then followed several letters between the parties with reference thereto, both from the home office in Chicago and from the Texas office in Dallas. On September 2d, appellant for the first time claimed the policy was not in force in November, 1926, at the time Travis Sweeney met his accidental death, because the annual premium had not been paid in August, 1926. We think, under the testimony, the jury was justified in finding that the premium due August 4, 1926, had been paid.

Appellant contends that the only way proof of payment of premium could be shown was the method provided for in the policy, namely, that the insured must exhibit a receipt signed by the secretary and countersigned by a licensed agent of the company. We do not think this provision of the policy is binding on appellee as beneficiary in the policy. Parties cannot by contract destroy the rules of evidence nor destroy the court's power to hear and determine a case on its merits. If as a matter of fact the premium was actually paid and the official receipt was properly issued and then lost or destroyed, it would not be, neither should it be, a bar to recovery by the beneficiary in the policy simply because he could not produce said official receipt. Sovereign Camp of Woodmen of the World v. Robinson (Tex. Civ. App.) 187 S. W. 215 (error refused), and authorities there cited.

Appellant by several propositions complains of the argument of counsel. These are overruled. It does not appear that the trial court abused its discretion in overruling the motion for new trial by reason thereof. Brazleton v. St. Louis S. W. R. Co. (Tex. Com. App.) 296 S. W. 290, and authorities there cited.

The remaining propositions of appellant complain of matters relating to the submission of special issues 2 and 3. Since the jury, in answer to special issue No. 1, found that the insurance premium was actually paid and the policy was therefore actually in force at the time Travis Sweeney was killed, neither said issues nor the jury's findings thereon are material to the disposition of the case, and, if there was any error in the method or manner of the submission thereof, same becomes harmless. We do not, however, think any of said propositions, if material, show any reversible error.

The judgment of the trial court is affirmed.