## LANE v. DAVIDSON.
### No. 7504.

Court of Civil Appeals of Texas. Austin.
Sept. 25, 1930.

Critz & Woodward, of Coleman, for appellant.

McCLENDON, C. J.

Appeal by Lane, defendant below, from a judgment upon a special issue verdict in favor of Davidson, plaintiff below, for $350 broker's commission on exchange of cafés.

The evidence is sufficient to support the following findings: Lane owned a café at Coleman, known as American Café. Davidson was a real estate broker, a fact well known to Lane. About June 1, 1929, Lane listed with Davidson the American Café for sale or trade at $8,500 cash. About June 15, 1929, Davidson presented to Bertrand, who owned a café at Cross Plains, Tex., the American Café property, proposing a trade between Bertrand and Lane. Negotiations followed, resulting in Davidson taking Lane to Cross Plains to inspect the café there, and terminating an agreement between Bertrand and Lane to make the trade on the basis of $8,500 for the American Café, $2,000 for the Cross Plains Café, and the difference in cash and deferred monthly payments. In the course of the negotiations, Lane asked David-

son what his commission would be, and was told $425, which was 5 per cent. of the price of the American Café. All of the terms were agreed upon, and Lane went to his attorney's office to have the papers drawn, but, when he returned, he declined to proceed with the trade; whereupon, on July 12, 1929, Davidson brought this suit against Lane, pleading both an express agreement and in the alternative facts which would entitle him to recover on quantum meruit.

Thereafter, in August, 1929, negotiations were resumed between Lane and Davidson looking towards completing the trade with Bertrand, who in the meantime had moved his café to Baird. Lane turned over the negotiations so far as he was concerned to his son-in-law Henderson, to whom he gave full authority to make whatever trade he saw fit. Under resumed negotiations, Davidson took Henderson to Baird and finally closed the trade between Lane and Bertrand on the basis of $8,500 for the American Café, $3,000 for the Baird Café, and the balance in cash and deferred monthly payments. The Baird Café valuation was raised to $3,000 because Bertrand had made improvements in the move to Baird and was therefore unwilling to trade on the original basis of $2,000. Just before the trade was finally closed, Henderson offered Davidson $125 as commission on the entire transaction which Davidson declined to accept, stating that he would demand his full commission on both transactions. The evidence was sufficient to show that the usual customary, and reasonable commission on trades of this character was 2½ per cent. paid by each owner on the trade value of the property, and 5 per cent. on the additional money consideration. Bertrand paid Davidson $75, or 2½ per cent. commission on the trade value of the Baird Café.

Davidson amended his pleadings, claiming 5 per cent. commission on each trade, and pleading, as before, an express contract and facts warranting recovery on quantum meruit.

The special issues submitted to the jury and their answers follow:

"1. Did the defendant, Jack Lane, list the American Cafe with the plaintiff for sale or trade?" Answer: "Yes."

"2. Did the plaintiff Davidson secure a person by the name of Bertrand who was ready, willing and able to trade for said American Cafe about the 15th of June, 1929, under terms that said defendant Jack Lane had stated would be acceptable to him?" Answer: "Yes."

"3. Did the defendant Jack Lane state to the plaintiff Davidson or agree to pay him a commission of 5% in the event he secured him a purchaser or trade acceptable to him?" Answer: "Yes."

"4. Was the plaintiff Davidson the moving cause or the procuring cause of getting the witness Bertrand to offer to accept a trade with Jack Lane on the American Cafe?" Answer: "Yes."

"5. Was the plaintiff Davidson the moving or procuring cause of trading the American Cafe to the witness Bertrand?" Answer: "Yes."

"6. Did the defendant Jack Lane know about the 15th day of June, 1929, that the plaintiff had listed with him a cafe belonging to the witness Bertrand?" Answer: "Yes."

The first four special issues relate to the first trade. The judgment of the court manifestly was based upon the final trade, since the $350 could only represent 2½ per cent. on $3,000 and 5 per cent. on $5,500. Davidson has not complained of the judgment, and therefore all issues concerning the first trade may be disregarded as surplusage. For this reason we will not discuss the numerous objections appellant urges to the first four issues.

The fifth issue was manifestly directed at the second or consummated exchange, the objections to which, in substance, follow:

(1) No pleadings to support the issue.

(2) No allegation of additional listing of the property after the first trade.

(3) "Same is in the alternative."

(4) No evidence of a contract to pay for causing the trade consummated in August.

(5) No evidence of any additional employment or agreement subsequent to June, 1929.

The further objection is made in the motion for new trial that there was no evidence warranting the submission of the fifth issue.

Without taking up these several objections seriatim, we hold that the pleadings and the evidence above detailed were sufficient to warrant a recovery under the second trade upon quantum meruit, and to authorize the judgment of the court thereon. Whether there was ever any express agreement with reference to commissions, and regardless of appellee's rights under the first trade, the evidence was clearly sufficient to warrant a finding that negotiations were voluntarily resumed between the parties; that Davidson was the moving and procuring cause of consummating the final trade; that Lane accepted his services with full knowledge that he was dealing with a real estate agent who would expect a commission. These facts clearly suffice to support the finding and the judgment of the court thereon.

We find no material error in the record, and the trial court's judgment is affirmed.

Affirmed.