### McFARLIN et al. v. ELLIOTT–TUCK, Inc.
### No. 4213.

Court of Civil Appeals of Texas. Amarillo.
April 23, 1934.

Rehearing Denied May 21, 1934.

Wilson Cowen and Tatum & Strong, all of Dalhart, for appellants.

H. G. Bennett, of Dumas, for appellee.

JACKSON, Justice.

The plaintiff, Elliott-Tuck, Inc., instituted this suit in justice court, precinct No. 1, Moore county, against the defendant L. C. McFarlin on his note for $150, given as part of the purchase price of a combine, and a verified itemized account in the sum of $18.-50 for repairs on the machine. The plaintiff had an attachment issued and levied on certain personal property, which the defendant replevied with J. V. Mills and Wiley Fox as sureties on his replevy bond.

The defendant answered, pleading fraudulent representations; the case was tried, and plaintiff obtained a judgment against defendant and his sureties on the replevy bond, from which judgment they appealed to the county court of Moore county.

In county court plaintiff filed a written petition alleging a cause of action on its note and account.

The defendant filed a written answer containing general demurrer, special exceptions, a verified denial of the account sued on, and a plea of failure of consideration, and alleged that he was induced to sign the note for the machine by false and fraudulent representations made to him by the plaintiff.

A supplemental petition was filed by the plaintiff and a supplemental answer was filed by the defendant.

In response to special issues submitted by the court and at the request of the parties, the jury found, in effect, that the consideration for the note had not failed in whole or in part; that plaintiff represented the combine to be in good mechanical condition, that it would successfully harvest grain with little expense and would harvest grain as good as any other combine on the market; that the defendant believed said representations and they were true; that plaintiff did not represent that the combine was as good as a new one or that there were no worn bearings in it; that the plaintiff did not guarantee that, if the combine failed to harvest grain, defendant would not be required to pay for it; that the machine harvested grain according to the guaranty; that the defendant did not keep the combine after July 1st upon the promise of plaintiff to keep the machine in running condition; that he did not within a reasonable time after the discovery of the alleged defects, tender the combine to the plaintiff nor to the John Deere Plow Company nor ask that the transaction be rescinded; that the defendant in the spring of 1933 promised the plaintiff to pay the note sued on when he got the money.

On these findings the court rendered judgment that plaintiff recover of the defendant and his sureties on the replevy bond the sum of $202.40, with interest and costs, from which judgment this appeal is prosecuted.

The testimony is amply sufficient to support the findings of the jury, and none of them are challenged.

The appellant excepted specially to the part of paragraph 4 in appellee's supplemental petition alleging "by express words and unequivocal acts and unreasonable delay after the discovery of any defects said combine may have had, showed his intention to abide by the contract made" because "said allegations are but the conclusions of the pleader, and do not set out such express words or unequivocal acts" nor "the extent of the delay nor the period of the same."

The court overruled this exception, and error is assigned on such ruling.

If we concede that the language used was subject to the exception and eliminate it, there remains in said paragraph the allegations that appellant never tendered said combine back to the plaintiff or asked that the note be canceled, never denied owing the note until after the suit was filed, and on several occasions after the harvest season of 1932 stated that he would pay the note.

The note was due on July 15, 1932, and,

on the only issue submitted by reason of the allegations in the paragraph excepted to, the jury found that appellant had, in the spring of 1933, promised to pay the note.

."The improper overruling of a special exception may or may not be prejudicial and the burden of showing prejudice is cast upon the appellant; the error is not presumed to have been harmful and consequently to constitute reversible error, in the absence of a definite showing of injury." 3 Tex. Jur. 1254, § 878; Golden v. Odiorne, 112 Tex. 544, 249 S. W. 822.

■ The appellant assigns as error the action of the court in permitting appellee, over his objection that the testimony was irrelevant, incompetent, and immaterial, to prove, in effect, that it had fourteen other combines operating in 1932 which gave satisfactory service, and the cost of the repairs for operating each during the season was approximately the same as the cost of the repairs placed on appellant's machine during the season.

The appellant alleged that appellee represented that the combine "would do the work of harvesting wheat * * * economically and efficiently and as good as any other combine on the market," and that such representations were false and induced him to sign the note.

He offered testimony to prove that appellee had sold fourteen other combines of the same kind as the one he purchased, and sought to show considerable complaint had been made thereof, and that the cost of repairs on his machine was excessive. He introduced evidence to show how new and secondhand combines harvested wheat and the cost of repairs thereon, for the purpose of proving that his machine would not work economically and as well as any other machine on the market. The testimony objected to was admitted to contradict these contentions of the appellant and was elicited largely on cross-examination of his witnesses.

The purpose of evidence is to enable the court or jury to ascertain the truth as to the existence or nonexistence of facts made material to the controversy by the pleadings. In view of the allegations in appellant's answer and the testimony of his witnesses, this assignment does not present error. Feagins et al. v. Texas Machinery & Supply Co. (Tex. Civ. App.) 186 S. W. 961, writ refused.

■ Henry A. Tuck, secretary of the appellee, was placed on the stand by appellant, and on cross-examination by appellee permitted to testify, over the objection that such testimony was irrelevant, immaterial, and prejudicial, that the guaranty on the sale of new machines by the John Deere Plow Company was on the back of the contract; that on new machines the company furnished parts that broke or were defective and the dealers furnished the work of putting the parts on the machine and paid the freight on such parts and that the guaranty was in effect the first cutting season; that appellee gave the appellant "the same service as he would have gotten on a new machine, except that we did not agree to furnish the parts for it."

This testimony pertained only to the right of appellee to recover for the items it claimed in the verified account, and no complaint is made of the recovery of such items. It did not relate to the guaranty made to appellant by appellee that the combine was in good mechanical condition, would successfully harvest grain as good as any other combine on the market, which the jury found had been made and were true.

This testimony, in our opinion, if inadmissible, did not probably influence the jury in reaching their verdict. 17 Tex. Jur. 350, § 116, and authorities cited.

■ Appellant's contention that reversible error was committed in allowing appellee to prove that the appellant had paid the John Deere Plow Company $236 on the purchase price of the combine is not tenable, since the appellant testified to the same fact without objection.

The record discloses that appellee was the agent of the John Deere Plow Company and sold appellant the combine for $1,200, one-half of the purchase price of a new machine, that the purchase price was evidenced by the $150 note sued on by appellee and two notes given to the John Deere Plow Company, and that said $236 had been paid on the first note due said company.

■ Appellant challenges as erroneous special issue No. 1, submitted at the request of appellee, because it was duplicitous.

The testimony, if followed, required the jury to find as they did on each question contained in this duplicitous issue, and, in view of the other findings of the jury, became immaterial, hence, if erroneous, was harmless.

We have investigated and given due consideration to the other assignments urged, and in our opinion none of them presents reversible error.

The judgment is affirmed.