**SOUTH TEXAS COACHES, Inc., v. WOODARD et al.**

No. 10382.

Court of Civil Appeals of Texas. Galveston.

Nov. 18, 1937.

Rehearing Granted Nov. 10, 1938.

Further Rehearing Denied Jan. 6, 1939.

Ben Greenwood, of Palestine, Price & Christopher, of Fort Worth, and Robertson, Leachman, Payne, Gardere & Lancas-

ter and Gus M. Hodges, all of Dallas, for appellant.

J. D. Pickett, of Palestine, for appellees.

GRAVES, Justice.

This cause grew out of a collision between two autos on the Frankston and Palestine highway in Anderson County on the night of September 9, 1934, the one—his own Chevrolet coach—being driven north at 45 miles per hour by Mr. C. M. Woodard, the appellees' husband and father, who was so critically injured thereby that he died next day; the other—a wrecker belonging to appellant—going south at 20 miles per hour, under operation of one of its employees, and towing one of its disabled buses that was being operated by another employee in its business of transporting people for hire over the public highways of the State, with two such passengers on board.

This appeal therein by the Coaches, Inc., is from a judgment of the court below for $10,335 against it, and in favor of the appellees as damages resulting to them from Mr. Woodard's death, entered upon a jury's verdict finding the appellant's operator of the wrecker at the time to have been negligent in these particulars:

(1) In operating it so that parts of the wrecker were over, beyond, and to the left of the center of the highway, just prior to and at the time of the collision;

(2) That prior to the time the deceased was struck, the employee of the appellant in charge of the wrecker discovered and realized that Mr. Woodard was in a perilous position, so discovering and realizing his peril, in time to have prevented the collision and injury to the deceased by the use of means at hand consistent with the safety of the wrecker and the bus attached to it, together with their human burden; but that the operator failed to use such means at hand to prevent striking the deceased, in that he neglected either to pull the wrecker far enough to the right to avert the collision, or to apply his brakes as soon as he discovered deceased's peril.

The briefs and record brought to this court are inexcusably long, imposing not only inescapable drudgery upon it, but rendering impossible a pursuit here into the attenuated details to which the discussion has been extended.

After the affirmative visitation upon the appellant of the enumerated acts of negligence upon which the judgment was so predicated, the jury further found the collision not to have been the result of an unavoidable accident, and that the deceased was not guilty of any negligent act or omission which proximately contributed to the collision; in so far as the assignments attack any portion of the comprehensive verdict so returned (there having been some 60 special issues submitted to it) as lacking sufficient support in the evidence, they are each and all overruled; this court has painstakingly followed them step by step through two volumes of a statement of facts, comprising an aggregate of 560 pages, with the resulting conclusion that, at most, there were presented only such conflicts in testimony with reference to the detailed inquiries made as it was the jury's exclusive province to resolve; this is especially true as affected the closer questions raised, such as the respective averments of negligence on each side, and the application of the doctrine of discovered peril as concerned the conduct of the operator of the wrecker from the moment he saw the deceased's car coming over the hill from the opposite direction.

The fatal accident happened at night, Mr. Woodard was alone in his car, and the only eye-witnesses to the tragedy were appellant's respective drivers of the wrecker and the bus, and two negro passengers—one a preacher, and the other a boy who also was an employee of the appellant; neither of these two passengers was called to testify, but it was shown that immediately after the accident several automobiles arrived on the scene, all of them containing local people (three of them sheriff's deputies of Anderson County), acquainted with the highway at that place, except one bus-full of baseball players who were strangers from an adjoining county; a great number of these people were witnesses on this trial, all of them testifying that when they arrived on the scene deceased's car and the wrecker were securely locked together on the east side of the highway, running north and south at that point; that the two cars were out in the ditch on that side, the bus being still fastened on to the wrecker and standing right behind in line with it; that deceased's car was off the highway on his rightful side thereof—considering the direction he was going—while appellant's wrecker was off the highway on the left-hand, or wrongful side thereof, considering the direction it had been trav-

eling; pictures of the scene also were made after the cars had been removed, and these fully verified the stated testimony of these witnesses as to the relative positions of the cars and the condition of the highway, as just recited.

It would serve no useful purpose to further detail, nor attempt even a resume, of the great body of the evidence received upon these features, but it is enough to find, as this court does, that the jury were not without warrant for the verdict rendered.

Aside from contentions that the evidence was insufficient to support the verdict, appellant first complains of what the court found was an inadvertent reading by appellees' counsel before the jury of their interrogatory No. 13 in a deposition they had taken from the witness, R. C. Bowen, as follows: "State whether or not South Texas Coaches, Inc., had, on the 9th day of September, A.D. 1934, public liability and property damage policy on file with the Motor Transportation Division of the Railroad Commission of Texas, in which South Texas Coaches, Inc., is named as an assured." .

It is insisted that the mere reading of this inquiry, though inadvertent as the court found, was immaterial, highly inflammatory, and prejudicial to the appellant, in that it informed the jury that appellant was protected by insurance, hence was reversible error; this court overrules the point under the general conclusion that the error, if any at all in the matter, was purely technical rather than substantial, that the evidence and the verdict otherwise negative the existence of any prejudice resulting to the appellant from such an inadvertent if not accidental proceeding, and that it waived any right to complain of such reading by failing to make a seasonable objection to it; and finally, that its own evidence, to the effect that the wrecker involved was not in fact covered by insurance, constituted an estoppel against it to urge the matter.

As recited supra, the trial court in qualifying the bill of exceptions brought up in this connection, not only found that the reading of this inquiry had been inadvertent upon the part of appellees' counsel, but also that the deposition in which it appeared had been on file in the court about six months prior to such reading of that question therein by counsel, opposing counsel presumably having copies of the ques-

tions, and that no objection had ever been before made to it; that immediately upon its being so read, objection was made to it for the first time by appellant's counsel, whereupon the jury had been retired, the question withdrawn, and the answer withheld.

Not only so, but appellant's bill of exceptions No. 3 shows further that on motion for new trial it proved by the testimony of the same witness, R. C. Bowen, who was its President, and L. M. Waite, manager of the Insurance Company involved, that as a matter of fact the appellant's wrecker had not been covered by insurance at all.

Wherefore, under these authorities, it is held that in the circumstances thus appearing no reversible error was involved. Tex. Jur., Vol. 33, p. 280; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d, 373, error dismissed; D. & H. Truck Line v. Lavallee, Tex.Civ.App., 7 S.W.2d 661, error refused; Horton v. Benson, Tex.Civ. App., 266 S.W. 213, affirmed, Tex.Com. App., 277 S.W. 1050; Carter-Mullaly Transfer Co. v. Bustos, Tex.Civ.App., 187 S.W. 396, error refused; Russell v. Bailey, Tex.Civ.App., 290 S.W. 1108, error dismissed; Levy v. Rogers, Tex.Civ.App., 75 S.W.2d 304; Kress & Co. v. Dyer, Tex. Civ.App., 49 S.W.2d 986; Texas Cities Gas Co. v. Ellis, Tex.Civ.App., 63 S.W.2d 717; Burnett v. Anderson, Tex.Civ.App., 207 S.W. 540; El Paso Electric R. Co. v. Shaklee, Tex.Civ.App., 138 S.W. 188, error refused; Cooper & Jones v. Hall, Tex.Civ. App., 168 S.W. 465; El Paso Electric Ry. Co. v. Cowan, Tex.Civ.App., 257 S.W. 941; El Paso Electric Co. v. Perkins, Tex. Civ.App., 292 S.W. 935, error refused; Northern Tex. Trac. Co. v. Woodall, Tex. Civ.App., 294 S.W. 873; T. B. Allen & Co. v. Shook, Tex.Civ.App., 160 S.W. 1091; Rule 62A, Courts of Civil Appeals; 64 C.J. p. 107, sec. 111; Thompson v. Collins, 139 Wash. 401, 247 P. 458; 4 C. J. p. 912, sec. 2879, note 77.

It is next urged that the court erred in defining to the jury the term "contributory-negligence", when that term was not otherwise used at any place in the court's charge; it being argued that the definition was surplusage, unnecessary, as not tending to assist the jury in answering the issues, hence its inclusion at all was prejudicial error; further, the definition so given was an improper one, being confusing in form, in that it required the finding of negligence on appellant's employee's

part before a finding of contributory negligence of the deceased could be made.

As recited supra, the jury found that the deceased was not guilty of any act of contributory negligence, which finding is not attacked as lacking support in the evidence, and these issues not only made no reference to "contributory-negligence" as such, but were further separated from the court's challenged definition of that term by some ten pages of the charge; wherefore, since the verdict and judgment were supported .by ample testimony, as already determined, it is not perceived just how this mere disassociated definition of a legal term not elsewhere appearing eo nomine in the charge was either reasonably calculated to cause, or probably did cause, the rendition of an improper judgment in the cause. San Antonio Traction Co. v. Corley, Tex.Civ.App., 154 S.W. 621; Houston & T. C. Ry. Co. v. Gray, Tex. Civ.App., 137 S.W. 729; Dallas Ry. & Terminal Co. v. Darden, Tex.Civ.App., 23 S.W.2d 739, affirmed by Tex.Com.App., 38 S.W.2d 777; Brown Cracker & Candy Co. v. Castle, Tex.Civ.App., 26 S.W.2d 435, error dismissed Castle v. Brown Cracker & Candy Co., 119 Tex. 447, 31 S.W.2d 630; South Plains Coaches v. Behringer, Tex.Civ.App., 32 S.W.2d 959, error dismissed.

■ Through ten propositions, Nos. 4 to 12, inclusive, on the basis of complaints against the trial court's question No. 30 and related ones, appellant urges there was reversible error in submitting the issue of proximate cause—as related to the alleged negligence of deceased—by requiring the jury to find whether or not "such negligence was a proximate cause of the collision", instead of requiring them to find whether or not "such negligence proximately contributed to cause the collision"; a conclusive answer, in the opinion of this court, is that, since the jury found the deceased not to have been guilty of any act of contributory negligence, hence under other provisions of the charge were neither required to nor did answer any of the issues relating to proximate cause in that connection, any such error as claimed, even if existent, became wholly immaterial and harmless. Canyon Power Co. v. Gober, Tex.Civ.App., 192 S.W. 802, par. 6, error refused; Bryan v. Sinclair Oil & Gas Co., Tex.Civ.App., 1 S.W.2d 917; Texas Employers' Ins. Ass'n. v. Heuer, Tex.Civ. App., 10 S.W.2d 756; Id., Tex.Civ.App., 11 S.W.2d 566, error dismissed; Federal Life Ins. Co. v. Sweeney, Tex.Civ.App., 18 S.W.2d 702, error dismissed; Lane v. Davidson, Tex.Civ.App., 31 S.W.2d 1094; McFarlin v. Elliott-Tuck, Inc., Tex.Civ. App., 71 S.W.2d 410; Wood v. Gulf, C. & S. F. Ry. Co., 15 Tex.Civ.App., 322, 40 S.W. 24; Cabaniss v. Grayburg Oil Co., Tex.Civ.App., 50 S.W.2d 437, error dismissed; Wilson v. Hagins, Tex.Civ.App., 25 S.W.2d 916, affirmed Tex.Com.App., 50 S.W.2d 797; Gwyn v. Lyon, Tex.Civ.App., 277 S.W. 1116.

Indeed, the refinement in definitions appellant insists upon would seem to be a splitting of hairs, since an act which is a proximate cause of a collision by a reasonable implication is also a contributing cause.

Subsidiarily, upon the same question just disposed of, but presenting it from a somewhat different angle, propositions 13 to 24, inclusive, assail the court's action in refusing special issues tendered by appellant on its defense of contributory negligence. Like considerations to those stated supra dispose of it adversely in this form also, and since the appellees' brief· succinctly presents them, together with citation of properly supporting authorities, their statement· is quoted with approval without further discussion, as follows:

"The court required the jury to find whether or not the deceased committed the acts claimed to be negligent and, if so, whether or not such acts were negligence; such submission being in the exact language requested by appellant in its Requested Special Issues Nos. 2 to 13, inclusive. But the court did not submit, in the language of such specially requested issues, the ultimate fact issue whether such negligence, if any, 'proximately caused or proximately contributed to cause' the collision in question. The court merely required the jury to find whether such negligence, if any, 'proximately caused' the collision in question. In their answers to special issues, the jury found that the deceased was not guilty of any act of negligence in the particulars submitted. It did not become necessary for the jury to answer any of the issues on proximate cause as related to contributory negligence. Since the jury, under the Court's Charge, were not required to answer the issues of proximate cause, the essence of appellant's contention is that it was reversible error for the court to submit these issues without

requiring the jury to find whether or not the negligent acts alleged 'proximately caused or proximately contributed to cause' the collision, even though the court did require the jury to find whether or not 'such negligence was a proximate cause of the collision in question.' Since the issues were answered in the negative on which the issue of proximate cause depends, the error, if any, was immaterial." Authorities last cited, supra.

■ Appellant's earnest arguments through 20 propositions in its brief—that is, from 25 to 45, inclusive—challenging the sufficiency of the evidence to support submission of the inquiries and the jury's verdict under issues Nos. 10 to 22, inclusive, finding in effect that the driver of appellant's wrecker not only discovered but realized that the deceased, Woodard, was in a perilous position, in time to have prevented the collision by applying his brakes and by turning his wrecker to the right, but that he negligently failed to use either means, which negligence in each particular was a proximate cause of the collision, has already been adversely determined; the substance of the jury's verdict upon this ultimate issue of discovered peril has also been given supra, though no descent was made into the several elements the court separated it into in separate special inquiries; appellant, however, does not complain of that separation, on the contrary, taking the position that the various elements going to make up the issue should be separately submitted, but nevertheless contending that the evidence neither authorized the submission nor supported the findings returned thereon; in doing so, the gist of its argument seems to be that the happenings leading up to the collision took place so rapidly that there was not sufficient time for appellant's driver of the wrecker to have discovered, realized, and relieved Mr. Woodard's peril; it relies very heavily, if not well-nigh exclusively, upon the testimony of its two drivers, to the effect that there was not such time available, under the further urging that they were the only eye-witnesses who testified and that their statement of what occurred was accordingly undisputed.

As presaged, however, in the preceding discussion on this feature, the physical facts on the ground, as evidenced by the numerous photographs and the testimony of a large number of witnesses, who quickly appeared upon the scene after the happening of the tragedy, in compelling force

tell another story from that in unison so related by these two employees and interested witnesses; the jury, therefore, were at liberty to disregard part or all of their testimony. Art. 801 (A) and (N), Penal Code 1925; Schumann v. Brownwood Mut. Life Ins. Ass'n, Tex.Com.App., 286 S.W. 200; International & G. N. Ry. Co. v. Tinon, Tex.Civ.App., 117 S.W. 936, error denied; Spencer v. Pettit, Tex.Com.App., 2 S.W.2d 422; Franklin Life Ins. Co. v. Villeneuve, 29 Tex.Civ.App. 128, 68 S.W. 203, error refused; Gulf, C. & S. F. Ry. Co. v. Higginbotham, Tex.Civ.App., 173 S. W. 482; Austin Fire Ins. Co. v. Adams-Childers Co., Tex.Com.App., 246 S.W. 365; Young v. Blain, Tex.Com.App., 245 S.W. 65; Bock v. Fellman Dry Goods Co., Tex. Com.App., 212 S.W. 635; 45 C.J., sec. 834, pp. 1162–1264; 20 R.C.L., p. 197, sec. 163; St. Louis Southwestern Ry. Co. v. McCrearry, Tex.Civ.App., 35 S.W.2d 790, error refused; Texas & P. Ry. Co. v. King, Tex.Civ.App., 18 S.W.2d 757, error refused; Verble v. Schaff, Tex.Com.App., 251 S.W. 1023; Houston, E. & W. T. Ry. Co. v. Kopinitsch, 114 Tex. 367, 268 S.W. 923.

Since the rules of law in Texas have been so fully and definitely laid down with reference to all the phases of discovered peril reflected in this cause, and since the authorities cited are thought to properly apply such of them as control this cause, under the fact findings on the subject hereinbefore made, further discussion will be foreborne.

Appellant is inept in added attacks upon the trial court's manner of submitting its issues 10 to 14, inclusive, on this question of discovered peril, on the ground that these inquiries failed to include an indispensable element of that doctrine, to-wit, "realization by defendant's employees that deceased would possibly not extricate himself from the perilous position".

■ In the first place, there was no objection to these issues in the trial court on that ground, nor was any additional assignment upon it brought forward in appellant's brief here. Ford Motor Co. v. Maddin, 124 Tex. 131, 76 S.W.2d 474; Chisos Mining Co. v. Llanez, Tex.Civ.App., 298 S.W. 642, error dismissed; Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Chase Bag Co. v. Longoria, Tex.Civ.App., 45 S.W.2d 242, error dismissed.

■ In the second place, the issue as submitted was clearly not fundamentally

erroneous, being in substance as follows: "Do you find from a preponderance of the evidence that the employee of the defendant in charge of said wrecker discovered and realized that deceased Woodard was in a perilous position in time to have prevented the collision and injury to the deceased by the use of means at hand consistent with the safety of said wrecker and the bus attached to it and their human burden?" St. Louis Southwestern Ry. Co. v. Mc-Crearry, Tex.Civ.App., 35 S.W.2d 790; St. Louis Southwestern Ry. Co. v. Mc-Crearry, Tex.Civ.App., 296 S.W. 935, par. 2; McCrearry v. St. Louis Southwestern Ry. Co., Tex.Com.App., 1 S.W.2d 868; Houston, E. & W. T. Ry. Co. v. Kopinitsch, Tex.Civ.App., 282 S.W. 884, error dismissed; Id., 114 Tex. 367, 268 S.W. 923; Schaff v. Copass, Tex.Civ.App., 262 S.W. 234; Texas & P. Ry. Co. v. King, Tex.Civ.App., 18 S.W.2d 757, error refused; Galveston, H. & H. Ry. Co. v. Sloman, Tex.Civ.App., 244 S.W. 268, error refused.

As this quoted language, which was reiterated in the many split-up elements of the doctrine so presented to the jury, plainly imports, the jury were required to find whether or not the employee of the appellant both discovered and realized that the deceased was in a perilous situation, wherefore no such merely general objection as that interposed by the appellant was sufficient to require the court to refine its language into a specification not made.

There are some further procedural objections raised, but it is thought none of them point out prejudicial error.

Under the conclusion stated, it follows that the judgment should be affirmed; it will be so ordered.

Affirmed.

PLEASANTS, C. J., absent.

On Motion for Rehearing.

CODY, Justice.

█ It was certainly error, under the decisions by the Supreme Court, on the part of appellee to inject into the trial of this case coverage by appellant of insurance. Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Texas Company v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Southland Greyhound Lines, Inc., v. Cotten, 126 Tex. 596, 91 S.W.2d 326. There is no affirmative showing by the record in this case that no injury was visited on appellant by reason of the occurrence of such error. The most that can be said from the facts bearing on this point in our original opinion is that it does not affirmatively appear that appellant was injured. Under the ruling in Southland Greyhound Lines, Inc., v. Cotten, supra, this is not enough.

█ The fact that coverage of appellant by insurance was injected into the case only through inadvertence on the part of appellee's counsel does not, under the principle which excludes such injection, make it any less harmful to appellant. In cases reversed because insurance is injected into them by appellee, the reversal is not to punish the appellee, but to prevent injustice to the complaining appellant who was not responsible therefor. Lone Star Gas Company v. Coates et al., Tex.Civ.App., 241 S.W. 1111.

Because of the complained of injection of insurance, appellant's motion for rehearing is granted, the trial court's judgment is reversed, and the cause is remanded for another trial.

Mr. Special Commissioner MONTEITH has helpfully rendered the court on this reconsideration the assistance contemplated by R.S. art. 1813 (b), and in such capacity fully concurs in this opinion; Mr. Associate Justice GRAVES, however, acquiesces in the remanding with reluctance, under his view that the effect here now given—in the attending circumstances—to the Supreme Court's above-cited pronouncements on this question carry them to the verge, if not over the brink, of sound judicial application.

Motion granted, judgment reversed and cause remanded.