## ASSOCIATED EMPLOYERS LLOYDS v. ZELLERBACH et al.

### No. 11946.

Court of Civil Appeals of Texas. Galveston.

Jan. 22, 1948.

Rehearing Denied Feb. 12, 1948.

See also 200 S.W.2d 653.

Fulbright, Crooker, Freeman & Bates and Russell Talbott, all of Houston, for appellant.

Mandell & Wright, of Houston (Arthur J. Mandell, of Houston, of counsel), for appellee.

MONTEITH, Chief Justice.

This is an appeal in a workman's compensation case. The action was brought by appellee, M. A. Zellerbach, to set aside an award of the Industrial Accident Board in favor of appellant, Associated Employers Lloyds, and to recover compensation for permanent total incapacity alleged to have been the result of an injury sustained by

appellee in the course of his employment wtih Southern Warehousing Corporation, who carried compensation insurance with appellant.

Appellant answered by general and special denials, and by plea that appellee's disabilities, if any, were not the result of the alleged injury of March 9, 1945, or of any injury sustained by appelle while employed by Southern Warehousing Corporation, but that such injuries and disabilities, if any, were solely the result of injuries and diseases existing prior to March 9, 1945, or a combination of such injuries and diseases and a general physical condition which had existed prior to that date.

A jury found, in response to special issues submitted, that appellee had suffered total and permanent incapacity as the result of accidental injuries received by him on March 9, 1945, while in the course of his employment with Southern Warehousing Corporation; and that such incapacity would not be partial. They found that his incapacity since March 9, 1945, was not caused solely as the result of a disease, intion thereof which existed prior to that date. jury or congenital condition or a combina- Based on the answers to said special issues, judgment was rendered for appellee and against appellant in the sum of $7348.05, payable in a lump sum.

The only errors complained of by appellant are alleged errors in the charge of the trial court and in the court's refusal to submit certain requested special issues.

It is undisputed in the record that appellee sustained an injury to his back on March 9, 1945, while in the employment of Southern Warehousing Corporation, and that he was in a hospital for a period of three days as the result of said injury. After his discharge from the hospital he secured a position as collector for an insurance company which required considerable walking. He worked for this and other insurance companies for a period of 13¼ months and received as compensation for such services from $30 to $50 per week. Medical witnesses for appellee testified that he was totally and permanently incapacitated from performing strenuous manual la-

bor, and witnesses for appellant testified that the only trouble with appellee's back was disease. Other medical witnesses testified that he was as able to work after March 9, 1945, as he was prior to his alleged injury.

Under appropriate points of appeal appellant complains of the alleged error of the trial court in overruling its objections to special issue No. 12, and of the court's refusal to submit its special issues Nos. A–20 and A–21.

Special Issue No. 8 reads: "Do you find from a preponderance of the evidence that such incapacity to the plaintiff M. A. Zellerbach, if any you have so found, has been or will be partial incapacity, as that term is herein defined to you?"

Special Issue No. 12 reads: "What do you find from a preponderance of the evidence to be the percentage, if any, of such partial incapacity to work, if any, to plaintiff?"

■ Special Issue No. 12 was predicated upon Special Issue No. 8, and the jury was specifically instructed therein that the issue was not to be considered or answered if Special Issue No. 8 was answered in the negative. The jury having answered Special Issue No. 8 "No" it was bound, under the court's instruction, not to answer Special Issue No. 12. It follows that the jury having found in answer to other issues that appellee had sustained an accidental injury on March 9, 1945, which had produced total incapacity, and having found in answer to Special Issue No. 8 that appellee's incapacity had not been and would not be partial, any error in the submission of Special Issue No. 12 became harmless. South Texas Coaches, Inc., v. Woodard, Tex.Civ.App., 123 S.W.2d 395; Canyon Power Co. v. Gober, Tex.Civ.App., 192 S.W. 802, error refused; Traders & General Insurance Co. v. Childers, Tex.Civ. App., 95 S.W.2d 461.

Appellant's Special Issues A–20 and A– 21, refused by the trial court, read:

"Special Issue No. A–20: What do you find from a preponderance of the evidence to be the average weekly wage of plain-

tiff, M. A. Zellerbach, during such period of partial incapacity, if you have so found he sustained partial incapacity?"

"Special Issue No. A–21: What do you find from a preponderance of the evidence to be the average weekly wage earned by plaintiff, M. A. Zellerbach, when he returned to work shortly after the 25th of June, 1945?"

Appellant's contention that the trial court erred in refusing to submit its special issues A–20 and A–21 cannot be sustained.

The parts of Rule 279, Texas Rules of Civil Procedure, material to this appeal provide that failure to submit a requested issue shall not be deemed grounds for the reversal of the judgment unless its submission, in substantially correct wording, has been requested in writing and tendered by the party complaining of the judgment.

Article 8306, Section 11, provides that "While the incapacity for work resulting from an injury is partial, the association shall pay the injured employé a weekly compensation equal to sixty per cent of the difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity * * *."

■ The special issues under consideration, as framed, inquire as to the average weekly wages earned by appellee during the periods when he was alleged to have been incapacitated and not as to his average weekly earning capacity. As framed, the issues are evidentiary in character, and would not have elicited ultimate issues of fact from the jury.

■ Appellant's contention that the court erred in overruling its objections to Special Issue No. 13 and the subsections thereof, A through E, inclusive, for the alleged reason that said issues did not include an inquiry as to whether appellee's alleged partial incapacity was not due solely to osteoporosis cannot, we think, be sustained.

In the issues under consideration the court inquired:

· "(13) Whether Appellee's incapacity since March 9, 1945 was not caused solely as the result of a disease existing before March 9, 1945;

"(13–A) Whether Appellee's incapacity was not caused solely as the result of an injury suffered before March 9, 1945;

"(13–B) Whether Appellee's incapacity since March 9, 1945 was not caused solely as the result of a congenital condition;

"(13–C) Whether Appellee's incapacity since March 9, 1945 was not caused solely as the result of a combination of any two or more of such prior disease and injury suffered before March 9, 1945 and a congenital condition;

"(13–D) Whether a part of Appellee's incapacity since March 9, 1945 was caused by an injury received by Appellee on or about July 1, 1937.

"Then, conditioned upon an affirmative answer to 13–D, the Court inquired of the jury:

"(13–E) The percentage of incapacity to Appellee's work that was caused by the injury received by Appellee on or about July 1, 1937."

The jury answered issues 13 to 13–D in the negative. No answer was made to 13–E.

In the issues under consideration the court submitted to the jury, and it answered in the negative, each phase of the affirmative defenses plead by appellant. Appellant did not plead that appellee's incapacity was due to osteoporosis as affirmative defense.

Appellant complains of the court's action in refusing its specially requested issues inquiring as to whether appellee's partial incapacity would decrease and to what extent.

■ This error, if any, was, we think, rendered harmless by the jury's answer to Special Issue No. 8 in which the jury found that appellee had not been and would not be partially incapacitated. Further, there was no pleading that appellee's incapacity would either increase or decrease, and no evidence in the record raising such issue.

We have carefully considered all points of appeal presented by appellant in its brief.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.